UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALLAN MILLER, DENNIS CALLAGY, THE CHESTER S. JAKUBOWSKI ROTH IRA, RICHARD GABRIEL, VICTORIA DUDIN SILIOUTINA, GEOFFRY MEEK, GENE ROBINSON, ERIC BROWN, SCOTT NOONE, JOHN MURGO, MAX KUPCHIK, and WILLIAM HARDING<br><br>                    Plaintiffs,<br><br>          v.<br><br>ALESSANDRO DONNINI, SRIDHAR SANTHANAM, HFN, INC, SATISH CHANDRA, CHETAN CHANDRA, ACRIS TECHNOLOGIES, PRIVATE, LTD.,<br><br>                    Defendants. | C.A. No.  14-CV-12337 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

Robert B. Lovett (BBO #561691)
Elizabeth C. Inglis (BBO #678349)
Connor R. Cobean (BBO #689127)
Cooley LLP
500 Boylston St.
Boston, MA 02116-3736
Tel.: (617) 937-2300
Fax: (617) 937-2400
rlovett@cooley.com
einglis@cooley.com
ccobean@cooley.com

*COUNSEL FOR ALESSANDRO DONNINI,
SRIDHAR SANTHANAM, HFN, INC,
SATISH CHANDRA, CHETAN CHANDRA,
ACRIS TECHNOLOGIES, PRIVATE, LTD.*

**ATTORNEY WORK PRODUCT**
**PRIVILEGED & CONFIDENTIAL**

## <u>TABLE OF CONTENTS</u>

**Page**

I.    PRELIMINARY STATEMENT ......................................................... 1

II.   ARGUMENT ................................................................................... 3

    A.   Counts I and II Are Barred By the Statute of Limitations ......................... 3

    B.   Dismissal Is Appropriate Under Fed.R.Civ.P ............................................ 4

    C.   Plaintiffs' Securities Fraud And Common Law Fraud Claims Are
       Defective ................................................................................................... 5

        1.   The Court Must Reject Plaintiffs' Conclusory Allegations
           Based On A Single, Unidentified "Whistleblower." .................... 6

        2.   Plaintiffs Fail To Allege Any Actionable Statements.................... 6

        3.   Plaintiffs Fail To Allege Any Actionable Omissions ................... 7

        4.   Plaintiffs Fail to Allege Reliance .................................................. 9

        5.   Plaintiffs Fail To Allege Causation........................................ 10, 11

    D.   Plaintiffs Fail To State A Control Person Claim Under Section
       20(a) Of  The Exchange Act Against Santhanam, Donnini Or
       Chandra. ................................................................................................. 11

    E.   The Failure Of Plaintiffs' Federal Claims Mandates Dismissal Of
       All State Claims ..................................................................................... 12

    F.   Even If The Court Considers Plaintiffs' State Law Claims, They
       Must Be Dismissed Under Fed R. Civ. P. 9(b) And 12(b)(6)................. 12

        1.   Plaintiffs Fail To State A Claim For Breach Of Fiduciary
           Duty.............................................................................................. 12

           a.   Plaintiffs Have Not Pled A Duty Owed As To
               Donnini and Santhanam................................................. 13

           b.   Plaintiffs Have Not Pled A Breach Of Duty As To
                Acris, Chetan, Or Chandra.............................................. 14

                (i)   Plaintiffs' Claim Fails As To Acris .................... 14

                (ii)   Plaintiffs' Claim Fails As To Chetan
                        Chandra ............................................................. 14

                (iii)   Plaintiffs' Claim Fails Against Chandra.............. 15

        2.   Plaintiffs Fail To State A Claim For Civil Conspiracy................ 15

        3.   Constructive Trust Is A Remedy And Not A Cause Of
           Action........................................................................................... 17

**Table of Contents**
(continued)

**Page**

III.      CONCLUSION .................................................................................................. 18

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re A123 Sys., Inc. Sec. Litig.*,
   930 F. Supp. 2d 278, 286 (D. Mass. 2013) ...........................................................................6

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)...........................................................................................................4, 14

*Brevet Capital Special Opportunities Fund, LP v. Fourth Third, LLC*,
   CIV. A. N10C-12-071 JRS (CCLD), 2011 WL 3452821 (Del. Super. Ct. Aug. 5, 2011) ......10

*Centro Medico del Turabo, Inc. v. Feliciano de Melecio*,
   406 F.3d 1 (1st Cir. 2005)......................................................................................................4

*City of Roseville Emps.' Ret. Sys. v. Textron, Inc.*,
   810 F. Supp. 2d 434 (D.R.I. 2011) *aff'd sub nom., Auto. Indus. Pension Trust
   Fund v. Textron Inc.*,
   682 F.3d 34 (1st Cir. 2012)....................................................................................................8

*Continuing Creditors' Comm. of Star Telecomms., Inc. v. Edgecomb*,
   385 F. Supp. 2d 449 (D. Del. 2004).......................................................................................15

*Crescent/Mach I Partners, L.P. v. Turner*,
   846 A.2d 963 (Del. Ch. 2000)...............................................................................................17

*DCV Holdings, Inc. v. ConAgra, Inc.*,
   889 A.2d 954 (Del. 2005) .......................................................................................................5

*Delaney v. Mass. Bay Transit Auth.*,
   2013 WL 2443992 (D. Mass. June 5, 2013) ....................................................................16, 17

*Dobelle v. Flynn*,
   2014 WL 1396404 (D. Mass. Apr. 9, 2014) ..........................................................................16

*Dubroff v. Wren Holdings, LLC*,
   CIV.A. 3940-VCN, 2009 WL 1478697 (Del. Ch. May 22, 2009) .........................................13

*Frank v. Elgamal*,
   CIV.A. 6120-VCN, 2012 WL 1096090 (Del. Ch. Mar. 30, 2012).........................................14

*In re Genzyme Corp. Sec. Litig.*,
   No. 13-1085, 2014 WL 2535076 (1st Cir. June 5, 2014) ........................................................5

*Grace v. Rosenstock*,
   228 F.3d 40 (2d Cir. 2000)....................................................................................................11

*Hartsel v. Vanguard Grp., Inc,*
    2011 WL 2421003 (Del. Ch. June 15, 2011) *aff'd*, 38 A.3d 1254 (Del. 2012) ......................16

*Hayduk v. Lanna,*
    775 F.2d 441 (1st Cir. 1985) ................................................................................12

*Howe v. Bank for Int'l Settlements*,
    194 F. Supp. 2d 6 (D. Mass. 2002) .....................................................................11

*Isham v. Perini Corp.*,
    665 F. Supp. 2d 28 (D. Mass. 2009) ..................................................................5, 6

*Ivanhoe Partners v. Newmont Mining Corp.*,
    535 A.2d 1334 (Del. 1987) .................................................................................13

*Kahn v. Lynch Commc'n Sys., Inc.*,
    638 A.2d 1110 (Del. 1994) .................................................................................13

*Kaye v. Lone Star Fund V (U.S.), L.P.*,
    453 B.R. 645 (Bankr. N.D. Tex. 2011)..................................................................15

*Kuroda v. SPJS Holdings, L.L.C.*,
    971 A.2d 872 (Del. Ch. 2009)..............................................................................16

*Latesco, L.P. v. Wayport, Inc.*,
    2009 WL 2246793 (Del. Ch. July 24, 2009)....................................................15, 17

*N. J.Carpenters Pension & Annuity Funds v. Biogen IDEC Inc.,*
    537 F.3d 35 (1st Cir. 2008)....................................................................................6

*In re Novell, Inc. S'holder Litig.*,
    CIV.A. 10-12076-RWZ, 2012 WL 458500 (D. Mass. Feb. 10, 2012) ....................11

*Orton v. Parametric Tech. Corp.*,
    344 F. Supp. 2d 290 (D. Mass. 2004) ................................................................5, 7

*Rodriguez v. Doral Mortg.Corp.*,
    57 F.3d 1168 (1st Cir. 1995)................................................................................12

*Smiley v. Daimler Chrysler*,
    538 F. Supp. 2d 711 (D. Del. 2008)....................................................................16

*In re Sonus Networks, Inc. Sec. Litig.*,
    2006 WL 1308165 (D. Mass. May 10, 2006) .........................................................4

*Spano v. Morse*,
    CIV.A. 20121, 2003 WL 22389542 (Del. Ch. Oct. 8, 2003).................................17

iv

*In re Stratus Computer*,
    1991 U.S. Dist. LEXIS 21587 (D. Mass. Dec. 10, 1991) .......................................................13

*In re Textron, Inc.*,
    811 F. Supp. 2d 564 (D.R.I. 2011) ..........................................................................................12

*Touch of Italy Salumeria & Pasticceria, LLC v. Bascio*,
    CIV.A. 8602-VCG, 2014 WL 108895 (Del. Ch. Jan. 13, 2014) ...........................................10

*Van Roy v. Sakhr Software Co.*,
    1:11-CV-00863-LPS, 2014 WL 3367275 (D. Del. July 8, 2014) ............................................5

*In re WellNx Mktg and Sales Practices Litig.*,
    673 F. Supp. 2d 43 (D. Mass. 2009) .........................................................................................5

*Winters v. Stemberg*,
    529 F. Supp. 2d 237 (D. Mass. 2008) ......................................................................................11

**Statutes**

Section 10(b) and 20(a) of the Exchange Act ....................................................................................5

Private Litigation Reform Act ...........................................................................................................5

**Other Authorities**

Fed. R. Civ. P. 9(b), 12(b)(6) ...............................................................................................4, 5, 7, 12

I.    **PRELIMINARY STATEMENT**

The Amended Complaint ("AC" or "Complaint") is remarkable for its almost 120 paragraphs of baseless, accusatory rhetoric and innuendo – all at the expense of actual facts from which this Court could infer fraud or any viable claim.  The Plaintiffs, certain former minority shareholders in HandsFree Networks, Inc. ("HandsFree"), failed to contribute new money to HandsFree, and were given an option in 2012:  become minority owners in a newly capitalized company (now HFN, Inc.) or be cashed out of HandsFree pro-rata based on their holdings.  They could have remained with the new company, but chose not to when the transaction at issue in this lawsuit closed in April 2012.

Plaintiffs' hollow claims of "fraud" are built on vague, and non-actionable conclusory pronouncements.  The fundamental defect in Plaintiffs' story flows from its foundation: an anonymous and undescribed "whistleblower."  This "source" supposedly revealed information concerning the "revenue from Dell" and "contract with HCL," of which the Plaintiffs were not aware when they were cashed out of HandsFree.  (AC at ¶ 60.)  Not only are there are no facts, context or other indicia of reliability built around this anonymous and non-descript whistleblower, but the Complaint also is replete with fraud-like rhetoric and innuendo while devoid of specific facts supporting fraud.  Fraud claims and complaints such as this one that "sound in fraud" have to rest on specific facts to survive a motion to dismiss.  Plaintiffs' Complaint instead rests on vague and non-substantive *in terrorem* accusations.

Such a woefully deficient pleading must be dismissed for at least the following reasons:

First, Plaintiffs' federal securities claims were brought too late.  The transaction at issue closed in April 2012, and the instant Complaint was filed in June 2014 – well after expiration of the two-year statute of limitations applicable to Exchange Act claims.  Accordingly, there is no federal jurisdiction over the remaining supplemental claims, mandating dismissal of this action in its entirety.

Second, Plaintiffs claim to have been defrauded into tendering their HandsFree shares.  This is wrong.  The Plaintiffs were invited to be shareholders in the newly capitalized company,

HFN, Inc.  Plaintiffs of course fail to reveal this in the Complaint not only because their choice to exit the Company extinguishes their claims, but because it defies common sense that the victims of fraud would be invited to participate in the allegedly fraudulent transaction or own shares in HFN, Inc. (Declaration of Robert B. Lovett In Support Of Defendants' Motion To Dismiss ("Lovett Declaration"), Ex. A at 1-5).

Third, Plaintiffs claim that they did not know of the Dell contract or its revenue.  This is belied however by the very documents on which they rely to make such groundless fraud claims. American Appraisal (www.american-appraisal.com) is a leading worldwide business valuation and consulting firm.  The appraisal report at issue, authored by American Appraisal's Indian branch, is attached to the Lovett Declaration as Exhibit A filed herewith (the "Appraisal").  The Appraisal references HandsFree's "one live contract" and "recorded revenue of USD 300,000 in FY 2011."  Lovett Declaration, Ex. A at 30.  Thus, far from having hidden the contract or concealed company revenue, the report itself reflects that HandsFree management was forthcoming with American Appraisal and with the Plaintiffs, who were provided the Appraisal in February 2012, two months before closing.  (AC at ¶¶ 56-57.)

Fourth, to dress up their claims to sound like fraud, Plaintiffs attempt to contrast what they were told respecting the state of HandsFree before April 2012, with what they "discovered" later from the supposed whistleblower.  The fatal defect in the Complaint, however, is that neither the information allegedly concealed "before" closing nor the information allegedly revealed "after" by the whistleblower show that any *facts* were hidden, or that any *facts* were later uncovered.  Plaintiffs' claims rest on a facade employing the rhetoric of fraud, rather than facts reflecting deception.

Indeed, attached to the Lovett Declaration as Exhibit B is a chart setting forth illustrative allegations at issue in this case and the reasons they are not fraud.  As the chart makes clear, nowhere does the Complaint state the amount of money received by HandsFree or any other concrete information respecting the contracts allegedly concealed; and nowhere does the Complaint ever reveal the value of new HFN, Inc. or its contracts immediately after closing and

asset migration.  There is nothing in the Complaint from which the Court could infer that these Plaintiffs lost anything as a result of the Defendants' conduct.

Accordingly, as will be discussed in detail below, Plaintiffs' Complaint must be dismissed for the following reasons:  (a) Plaintiffs' Exchange Act claims are barred by the statute of limitations; (b) Plaintiffs' securities fraud and common law claims fail to satisfy the strict pleading standards of Fed. R. Civ. P. 9(b), as its particularly standard applies not only to the fraud claims but to the Complaint as a whole, which "sounds in fraud"; (c) Plaintiffs otherwise fail to plead any actionable statements or omissions, or allege reliance or causation; (d) Plaintiffs fail to plead control person liability under Section 20(a) of the Exchange Act; (e) Plaintiffs' breach of fiduciary duty claims are deficient because Plaintiffs have failed to plead facts showing duty or breach; (f) the civil conspiracy claim fails without any underlying wrong as a basis, and also because Plaintiffs have failed to allege any agreement or act in furtherance of a conspiracy; and (g) the constructive trust "claim" must be dismissed for the simple reason that it is not a separate cause of action, but a remedy that is unavailable to Plaintiffs.

## II.    **ARGUMENT**

### A.    **Counts I and II Are Barred By the Statute of Limitations.**

Plaintiffs' claims for violation of the Exchange Act (Counts I and Count II for Sections 10(b) and 20(a) violations) must be dismissed for failure to bring suit within the two-year statute of limitations.   28 U.S.C.A. § 1658(b); *In re Initial Pub. Offering Sec. Litig.*, 341 F. Supp. 2d 328, 344 (S.D.N.Y. 2004).   Plaintiffs' own pleadings make clear that they had actual knowledge of the alleged fraud in February 2012, more than 2 years prior to the filing of this action, and, that they certainly could have uncovered additional details had they shown a modicum of diligence.  *See Merck & Co. v. Reynolds*, 559 U.S. 633, 637 (2010) (the two-year statute of limitations for a securities fraud claim begins running "when a reasonably diligent plaintiff would have discovered[] the facts constituting the violation.").

Plaintiffs allege that during the January 2012 shareholder call, Santhanam and Donnini reported that HandsFree had no revenue and no clients while evading questions as to

HandsFree's value.  (AC at ¶¶ 53-54.)  Plaintiffs then allege that one month later, in a February 19, 2012 letter to the shareholders, Santhanam attached an analysis by American Appraisal  that as of December 31, 2011, HandsFree had received $300,000 in revenue, was valued at $1.7 million, and had "one live contract."  *See* Lovett Declaration, Ex. A at 30, 40.  In other words, in February 2012, two months before closing and one month after Santhanam and Donnini allegedly misled the Plaintiffs by stating the company had no contracts or revenue, Plaintiffs were given actual notice of the "facts" respecting the company in a detailed written communication.  *See FirstBank P. R., Inc. v. La Vida Merger Sub, Inc.*, 638 F.3d 37, 40 (1st Cir. 2011) (dismissing suit as time barred where plaintiff had actual notice of the facts constituting the defendants' alleged Section 10(b) violation).  This disclosure bars Plaintiffs' federal claims. At the least, Plaintiffs were on notice to investigate further but instead cashed out of the company in April 2012.  *See McCune v. U.S. Dep't of Justice*, 3:11-CV-423 DCB MTP, 2014 WL 461218, at *11-12 (S.D. Miss. Feb. 5, 2014) (statute of limitations started to run from moment reasonable person would have commenced investigation revealing wrongdoing).[1]

### B.   Dismissal Is Appropriate Under Fed.R.Civ.P. 12(b)(6) And 9(b).

Dismissal under Federal Rule of Civil Procedure 12(b)(6) is appropriate where, as here, the Complaint fails to set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory."  *Centro Medico del Turabo, Inc. v. Feliciano de Melecio*, 406 F.3d 1, 6 (1st Cir. 2005) (citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. "  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In addition, the Complaint as a whole hinges on allegations of fraud, and therefore must be dismissed for failure to plead with particularity pursuant to Fed. R. Civ. P. 9(b).  *See In re Sonus Networks, Inc. Sec. Litig.*, 2006 WL 1308165, at *6 (D. Mass. May 10, 2006) ("9(b) applies to all averments of fraud

---

[1]     Because the federal securities claims are dismissed, the supplemental state law claims have no jurisdiction in this Court, and must therefore also be dismissed (*See* Section II.E., *infra*).

. . . and is not limited to allegations styled or denominated as fraud . . . .")(internal quotations and citation omitted).

### C.   <u>Plaintiffs' Securities Fraud And Common Law Fraud Claims Are Defective.</u>

Plaintiffs' fail to allege facts supporting each element of their federal and common law fraud claims.  "To state a claim for securities fraud under Section 10(b) [of the Exchange Act]… plaintiff[s] must allege: (1) a material misrepresentation or omission; (2) scienter, or a wrongful state of mind; (3) in connection with the purchase or sale of a security; (4) reliance; (5) economic loss; and (6) loss causation."  *In re Genzyme Corp. Sec. Litig.*, No. 13-1085, 2014 WL 2535076, at \*40 (1st Cir. June 5, 2014); *see also Isham v. Perini Corp.*, 665 F. Supp. 2d 28, 33 (D. Mass. 2009) (Gorton, J.).  Common law fraud requires nearly identical elements.[2]

As is well established in the First Circuit, both securities fraud and common law fraud claims are subject to heightened pleading standards under Federal Rule of Civil Procedure 9(b). *Isham*, 665 F. Supp. 2d at 33 (dismissing securities fraud claim based on conclusory and threadbare assertions); *In re WellNx Mktg and Sales Practices Litig.*, 673 F. Supp. 2d 43, 50 n.13 (D. Mass. 2009) ("A claim of fraud by omission is subject to the same Rule 9(b) pleading requirements as is a claim of affirmative deception.").  Securities fraud plaintiffs must overcome even a *higher* hurdle to comply with the First Circuit's "especially strict" application of Rule 9(b) in the securities fraud context, as well as the Private Litigation Reform Act's (PSLRA) stringent particularity requirements.  *Orton v. Parametric Tech. Corp.*, 344 F. Supp. 2d 290, 298 (D. Mass. 2004).

Tellingly, Plaintiffs attempt to advance their federal securities fraud claim against *all* Defendants, while conceding that they lack the requisite factual basis for at least some of their

---

[2]     "Under Delaware law, to prevail on a claim for common law fraud, Plaintiffs must show that '(1) the defendant falsely represented or omitted facts that the defendant had a duty to disclose; (2) the defendant knew or believed that the representation was false or made the representation with a reckless indifference to the truth; (3) the defendant intended to induce the plaintiff to act or refrain from acting; (4) the plaintiff acted in justifiable reliance on the representation; and (5) the plaintiff was injured by its reliance.'" *Van Roy v. Sakhr Software Co.*, 1:11-CV-00863-LPS, 2014 WL 3367275, at \*4 (D. Del. July 8, 2014)(quoting *DCV Holdings, Inc. v. ConAgra, Inc.*, 889 A.2d 954, 958 (Del. 2005)); *Danca v. Taunton Sav. Bank*, 385 Mass. 1, 8(1982) (same).

fraud claims, only lobbing common law fraud claims against Santhanam, Donnini, and Chandra.[3] It is fundamental that Plaintiffs may not hurl accusations of fraud at a group. Instead, Plaintiffs must tailor each allegation of action or inaction to each defendant, tying each statement or omission to the individual. *In re Peritus Software Servs., Inc. Sec. Litig.*, 52 F. Supp. 2d 211, 219 (D. Mass. 1999).

### 1. The Court Must Reject Plaintiffs' Conclusory Allegations Based On A Single, Unidentified "Whistleblower."

A Court may only credit allegations based on anonymous sources where a plaintiff describes the anonymous source "with sufficient particularity to support the probability that a person in the position occupied by the source would possess the information alleged." *N. J. Carpenters Pension & Annuity Funds v. Biogen IDEC Inc.,* 537 F.3d 35, 50 (1st Cir. 2008) (citation and quotations omitted). Here, Plaintiffs do not even attempt to provide any information about the lone source upon which their entire Complaint is based, and instead provide only the off-hand allegation that "an informed source . . . 'blew the whistle.'" (AC at ¶ 60.) The entirety of Plaintiffs' allegations – which is based solely on this "unnamed person in no specified position of authority" – must therefore be rejected. *In re A123 Sys., Inc. Sec. Litig.*, 930 F. Supp. 2d 278, 286 (D. Mass. 2013) (rejecting "bland summary statement that an unnamed person in no specified position of authority 'made suggestions'" regarding alleged fraudulent conduct). Accordingly, all allegations and claims based on this anonymous source must be dismissed.

### 2. Plaintiffs Fail To Allege Any Actionable Statements.

Fraud requires a material misrepresentation or omission, but Plaintiffs have pled neither. The Complaint alleges few affirmative representations by *any* Defendants, and *no* statements of any kind by Chetan. Even for the small number of affirmative statements the Complaint

---

[3]     For whatever reason, Plaintiffs have alleged their common law fraud clams as separate counts against each Defendant, but the conclusory allegations against those individuals fail for the reasons set forth in Section II.C., and Plaintiffs cannot remedy the deficiencies of their claim through such a backdoor attempt. *Isham*, 665 F. Supp. 2d at 33.

attributes to any of the Defendants, Plaintiffs impermissibly lump multiple Defendants together without differentiation.  *See, e.g.*, AC at ¶ 24 (alleging that "Santhanam, Donnini, and Chandra admitted that they had not yet even sought a value for the company" and that "they said" certain things, without providing any details as to who said what); AC at ¶ 45 (alleging that an undefined "they" directed Dell not to pay invoices).  Plaintiffs' failure to abide by the well-established rule that where, as here, "there are multiple defendants whose participation in underlying events may differ, it is incumbent on a plaintiff to specify the particulars as to each defendant," is fatal to their claim.  *King v. Wells Fargo Home Mortg.*, CIV.A. 11-10781-GAO, 2013 WL 1196664, at *2 (D. Mass. Mar. 25, 2013) (holding that "[l]umping these parties all together" is not sufficient to state a fraud claim).

Absent such specificity, the claims are defective and must be dismissed.

### 3.   <u>Plaintiffs Fail To Allege Any Actionable Omissions.</u>

Without material misrepresentations, Plaintiffs must stake their Complaint on three flawed categories of alleged omissions: (1) "current revenue from a contract . . . with Dell"; (2) "expected sales from the Dell contract" according to Dell; and (3) "expected sales from a contract with . . .HCL."  (AC at ¶ 28.)   However, nowhere do Plaintiffs provide the requisite "'who, what, when, [and] how'" to support these bald allegations, mandating dismissal under Rule 9(b).  *See Orton*, 344 F. Supp. 2d at 308 (dismissing 10b-5 claim).[4]

First, the Complaint alleges that HandsFree "attempted to secure a contract with Dell" and that Dell signed a contract in 2010 with HandsFree.  (AC at ¶ 38.)  Plaintiffs fail, however, to state which Defendants, if any, participated in the negotiations or were aware of the purported deal, let alone what revenues were "hidden" from Plaintiffs.  Instead, Plaintiffs attempt to distract from this defect by vaguely alleging that Defendants purportedly failed to disclose some undefined "magnitude of the revenue."  (AC at ¶ 39.)  Not only do Plaintiffs fail to indicate in

---

[4]     Supporting their claim for securities fraud against *all* Defendants, Plaintiffs point to just two moments during which omissions were allegedly made: the January 2012 call in which only three defendants participated, and Santhanam's February 19, 2012 letter sent by Santhanam alone.  Even according to Plaintiffs' own pleading, Chetan Chandra never made any statement or omission.

their Complaint what this supposed "magnitude" was, but they also fail to indicate who knew of this unspecified revenue, or played any role in hiding it and when.  *See* AC at ¶ 45 (alleging that "*they* requested that Dell not pay HandsFree invoices," but never specifying who "they" was) (emphasis added).  Other than the single non-material allegation that one Dell invoice was withheld for a total of thirty days in April-May 2011, *one year before the transaction at issue* (AC at ¶ 46), Plaintiffs merely allege without any factual support that such "delay kept up" through 2011.  (AC at ¶ 47.)  Without more, Plaintiffs' vague and conclusory pleading regarding Dell revenue must fail.  *See In re Parametric Tech. Corp. Sec. Litig.*, 300 F. Supp. 2d 206, 220-21 (D. Mass. 2001) (dismissing 10b-5 case where plaintiff failed to "attempt to quantify" the allegedly omitted information, "[h]ow big the falloff was—how big the defendants knew it to be—is obviously crucial."); *City of Roseville Emps.' Ret. Sys. v. Textron, Inc.,* 810 F. Supp. 2d 434, 443-44 (D.R.I. 2011) *aff'd sub nom.*, *Auto. Indus. Pension Trust Fund v. Textron Inc.*, 682 F.3d 34, 37-38 (1st Cir. 2012) (dismissing 10b-5 claim based on alleged material omissions where Complaint described the omissions in only "general" and "conclusory" terms).

Second, Plaintiffs' allegations regarding "expected sales from Dell," described as sales "Dell had projected" should be dismissed.  (AC at ¶ 28.)  Plaintiffs nowhere allege any concrete information respecting these supposed projections, and never once allege that any defendant knew of these projections, believed them to be reliable, or thought they reflected any kind of commitment from Dell.  Indeed, Plaintiffs do not even attempt to explain what amount the increase would be from or to, or whether these projections were specific or concrete enough to count on or result in actual revenue.  *See Gross v. Summa Four, Inc.*, 93 F.3d 987, 995 (1st Cir. 1996) (affirming dismissal of securities fraud claim based on "vague and loosely optimistic statements" which are "nonactionable as a matter of law").

Plaintiffs appear to base this category of alleged omissions on statements made to investors regarding HandsFree's hope for future success – statements which Plaintiffs do not even allege were ever made directly to them, and which moreover amount to nothing more than non-actionable puffery as to third parties.  *See, e.g.*, AC at ¶ 29 (alleging that HandsFree was

"poised for rapid growth"); *id.* at ¶ 50 (alleging that Santhanam and Donnini, and Ponnusamy made a presentation to NEA-IUVP that indicated that Dell was a "loyal customer"); *Parametric Tech. Corp. Sec. Litig.*, 300 F. Supp. 2d at220-21 (dismissing with prejudice 10(b) action based on puffery statements that company was "well positioned for growth" and that it "expects more revenue growth in opportunities in Asia in the coming years"); *Orton*, 344 F.Supp.2d at 300 (allowing motion to dismiss 10(b) and 20(a) claims based on corporate puffery, including "loose optimism" about a company's current state of affairs and future prospects).

Third, Plaintiffs' allegations regarding "expected sales from a contract HandsFree had with HCL" (AC at ¶ 28) are similarly deficient, failing to provide any concrete support for vague references to potential future success. *See* AC at ¶ 49 (alleging that HCL gave the "green signal" to some potential future contract); AC at ¶ 42 (alleging that HCL "wanted to continue development of the product"); *Suna v. Bailey Corp.,* 107 F.3d 64, 70 (1st Cir. 1997) (dismissing 10(b) claim based on "statements [which] may convey the company's desire for profitable performance in the future, [but] they do not convey any promises about future performance and do not project specific numbers that the company will certainly attain."); *In re Bos. Tech., Inc. Sec. Litig.*, 8 F. Supp. 2d 43, 66 (D. Mass. 1998) (dismissing securities fraud action and holding non-actionable as puffery statement that company had reached an agreement with new partner to begin testing products).  Not once in the Complaint do Plaintiffs ever state a concrete detail about the HCL contract.  No terms.  No revenue received.  No duration.  Nothing.

### 4.    Plaintiffs Fail to Allege Reliance.

Even if Plaintiffs' allegations had managed to identify a single actionable statement or omission, the crux of Plaintiffs' Complaint – that Defendants allegedly failed to disclose income and the existence of contracts – is belied by the very document Plaintiffs cite in support of their allegations, the Appraisal (*see* Section II.A., *supra*).  Plaintiffs' knowledge of the Appraisal obliterates any colorable claim that Plaintiffs' reliance was remotely reasonable.  Indeed, where, as here, a plaintiff investor need only undertake "minimal diligence" to uncover a writing that contradicts an alleged false statement, such investor's reliance is unreasonable as a matter of law

and warrants dismissal of the claim.  *See Ashland Inc. v. Morgan Stanley & Co., Inc.*, 700 F.

Supp. 2d 453, 469 (S.D.N.Y. 2010) *aff'd*, 652 F.3d 333 (2d Cir. 2011) (granting motion to

dismiss 10b-5 claim where plaintiffs could not "justifiably rely on a misrepresentation" where

plaintiffs knew that they were "in a position to acquire" additional information); *see also In re*

*Access Cardiosystems, Inc.*, 404 B.R. 593 (Bankr. D. Mass. 2009) *aff'd*, 488 B.R. 1 (D. Mass.

2012) (Massachusetts courts consider whether any allegedly misleading oral statements were

contradicted or clarified by written materials in determining whether a plaintiff has pled

justifiable reliance on the oral statements).  Here, Plaintiffs did not even have to uncover the

writing because it was given to them two months before closing.

In addition, although Plaintiffs vaguely allege that they "agreed to redeem their shares"

(AC at page 1), they fail to allege that they took *any* affirmative action in reliance on the

information that was (or was not) represented to them.  Not a single allegation in the Complaint

describes whether or how any of the Plaintiffs voted in the transaction, or whether/how any

Plaintiff would have acted differently had they not relied on any alleged misrepresentation.

Indeed, as the February 2012 letter makes clear, the default result for HandsFree shareholders

who did not vote would be share redemption for cash.  *See* Lovett Declaration, Ex. A at 2.  Thus,

the fact that Plaintiffs' shares were redeemed for cash does not substitute for an allegation that

Plaintiffs took any action in reliance on the alleged misrepresentations or omissions.  *See Touch*

*of Italy Salumeria & Pasticceria, LLC v. Bascio*, CIV.A. 8602-VCG, 2014 WL 108895, at *5

(Del. Ch. Jan. 13, 2014) (dismissing for failure to plead reliance where "the Complaint is

completely silent as to what *meaningful* actions the Plaintiffs could have taken, or refrained from

taking, absent the misrepresentation alleged.") (emphasis added).

### 5.   Plaintiffs Fail To Allege Causation.

Plaintiffs' claims fail also due to want of causation.  The transaction would have been

consummated irrespective of their conduct as their choice was to become shareholders in the new

company or cash out.  *See Brevet Capital Special Opportunities Fund, LP v. Fourth Third, LLC*,

CIV. A. No. N10C-12-071 JRS (CCLD), 2011 WL 3452821, at *8 (Del. Super. Ct. Aug. 5,

2011) (dismissing fraud claim where "Complaint fails to allege what [Plaintiffs] would have bargained for or, more importantly, *could* have bargained for, to better protect [their] interests. . . ."). As is clear under Delaware law, the transaction required only a majority vote to go forward. *See* 8 Del. C.G.L. § 271. Plaintiffs do make clear in their pleading that they held only a minority of the HandsFree shares, which precludes Plaintiffs' claims because the share redemption "could be—and was – carried out without the approval or participation of" Plaintiffs. *See Howe v. Bank for Int'l Settlements*, 194 F. Supp. 2d 6, 24 (D. Mass. 2002) (dismissing 10b-5 claim because plaintiff "cannot demonstrate either causation or reliance" where the share redemption was mandatory); *Grace v. Rosenstock*, 228 F.3d 40, 49 (2d Cir. 2000) (affirming dismissal of plaintiffs' 10b-5 claim for failure to plead causation where "[n]o vote, sale of shares, or other action was required of minority shareholders in order to accomplish the merger."). Indeed, Plaintiffs could have been shareholders in the new corporation, but they elected not to be.

> ### D.  Plaintiffs Fail To State A Control Person Claim Under Section 20(a) Of The Exchange Act Against Santhanam, Donnini Or Chandra.

Plaintiffs' claim for control person liability under Section 20(a) of the Exchange Act likewise fails because Plaintiffs have not pled either of the requisite elements of their claim: (1) a primary violation of the securities laws; and (2) that the defendant exercised actual power or control over the primary violator. *Winters v. Stemberg*, 529 F. Supp. 2d 237, 253 (D. Mass. 2008).

First, for the reasons set forth in Section II.C., *supra*, Plaintiffs have failed to allege any underlying violation of the securities laws and therefore their 20(a) claim must be dismissed. *Id.* (dismissing control person claim for failure to plead underlying violation).

Second, even if Plaintiffs could withstand this motion as to their claim for a primary 10b-5 violation, they have not sufficiently alleged that any single defendant (Santhanam, Donnini, or Chandra) "*actually exercise[d] control*" over any primary violator. *In re Novell, Inc. S'holder Litig.*, CIV.A. 10-12076-RWZ, 2012 WL 458500 (D. Mass. Feb. 10, 2012) (dismissing control person claim where plaintiff failed to plead facts of defendant's actual exercise of control)

(citation omitted).  Plaintiffs' allegations of Santhanam, Donnini, and Chandra's status or corporate capacity at HandsFree are not enough to satisfy the standard for control.  *See In re Textron, Inc.*, 811 F. Supp. 2d 564, 575 (D.R.I. 2011) (holding that "[a]n allegation that a defendant is a member of a corporation's board of directors" is insufficient to allege control person liability).

**E.      The Failure Of Plaintiffs' Federal Claims Mandates Dismissal Of All State Claims.**

Because Plaintiffs have failed to state a federal claim, which is the basis for this Court's federal question jurisdiction over Plaintiffs' Complaint, this Court no longer has jurisdiction over any supplemental state law claims and those claims must therefore be dismissed.  *Rodriguez v. Doral Mortgage Corp.*, 57 F.3d 1168, 1177 (1st Cir. 1995) ("As a general principle, the unfavorable disposition of a plaintiff's federal claims at the early stages of a suit . . . will trigger the dismissal without prejudice of any supplemental state-law claims").

**F.      Even If The Court Considers Plaintiffs' State Law Claims, They Must Be Dismissed Under Fed. R. Civ. P. 9(b) And 12(b)(6).**

**1.      Plaintiffs Fail To State A Claim For Breach Of Fiduciary Duty.**

"Under Delaware law, the elements of a claim for breach of fiduciary duty include (i) the existence of a fiduciary duty and (ii) a breach of that duty."  *Marino v. Grupo Mundial Tenedora, S.A.*, 810 F. Supp. 2d 601, 607 (S.D.N.Y. 2011) (dismissing breach of fiduciary duty claim for failure to plead the existence of a fiduciary duty);  *Dubroff v. Wren Holdings, LLC*, CIV.A. 3940-VCN, 2009 WL 1478697 (Del. Ch. May 22, 2009); *Zlotnick v. Newell Cos.*, C.A. No. 7246, 1984 Del. Ch. LEXIS 591 (Del. Ch. July 30, 1984).  Plaintiffs' Complaint is defective as to both elements—failing to plead a fiduciary duty against Defendants Donnini and Santhanam, and failing to plead a breach against defendants Acris, Chetan, and Chandra.  In addition, Rule 9(b)'s particularity requirement extends to claims for breach of fiduciary duty.  *Hayduk v. Lanna*, 775 F.2d 441, 443 (1st Cir. 1985) (applying Rule 9(b) to breach of fiduciary duty claims).  Because Plaintiffs' allegations are "vague and amorphous," only discussing Defendants in

collective terminology, and not particularized as to what each Defendant did or knew, Plaintiffs' allegations cannot survive 9(b)'s heightened pleading standard.  *In re Stratus Computer*, 1991 U.S. Dist. LEXIS 21587, 20-22 (D. Mass. Dec. 10, 1991) (dismissing claims for breach of fiduciary duty under 9(b), including knowingly engaging in self-dealing and knowingly making misleading statements).   Counts III-VII should therefore be dismissed.

### a.     Plaintiffs Have Not Pled A Duty Owed As To Donnini and Santhanam.

The Complaint's allegation that Donnini and Santhanam owed a fiduciary duty to the Plaintiffs "by virtue of their status as shareholders in HandsFree" (AC at ¶¶ 76, 80) is not enough.  A shareholder owes a fiduciary duty to other shareholders only if it owns a majority interest in, or exercises control over, the business affairs of the corporation.  *Ivanhoe Partners v. Newmont Mining Corp.*, 535 A.2d 1334, 1344 (Del. 1987).  Here, the Complaint does not allege that either Santhanam or Donnini possessed a majority or controlling interest in HandsFree.[5] From the face of the Complaint, Santhanam and Donnini are plead as HandsFree shareholders on equal standing with any of the Plaintiffs.  (AC at ¶¶ 76, 80.)

Moreover, Plaintiffs have not pled enough to show that Donnini and Santhanam owed a fiduciary duty as part of a control group.  Plaintiffs have not alleged that Donnini or Santhanam were part of a group connected by a "blood pact" or by "legally-significant" means.  *See, e.g.*, *Dubroff*, 2009 WL 1478697, at *3 n.23  (finding no control group and therefore no duties owed by shareholders).  Plaintiffs have not alleged that defendants were a control group that existed through use of coercive control.  *See, e.g.*, *Kahn v. Lynch Commc'n Sys., Inc.*, 638 A.2d 1110, 1113-15, 1121-22 (Del. 1994) (finding that a 43% stockholder was a controlling stockholder where that stockholder threatened to vote down other issues if the board did not approve the merger that the controlling stockholder desired).  Nor are there allegations of any legal agreement binding Donnini and Santhanam. *See Frank v. Elgamal*, CIV.A. 6120-VCN, 2012 WL

---

[5]      The Complaint only vaguely alleges that "[t]hrough Acris, Santhanam became a principal in HandsFree," without defining Santhanam's role at either Acris or HandsFree.  *See* AC at ¶ 35.

1096090, at *8 (Del. Ch. Mar. 30, 2012) (members of a control group contemporaneously entered into voting agreements, exchange agreements, and employment agreements).

Accordingly, Counts III and IV must be dismissed.

>      **b.    Plaintiffs Have Not Pled A Breach Of Duty As To Acris, Chetan, Or Chandra.**

>        **(i)    Plaintiffs' Claim Fails As To Acris.**

The Amended Complaint alleges no misconduct by Acris.  Indeed, Plaintiffs' allegations only mention Acris three times, describing (1) Acris' investment in HandsFree in 2008, (2) Chandra's investment in Acris in 2009, and (3) Chandra's offer to exit his investment in Acris in 2011. *See* AC at ¶¶ 35, 37, 40.  Nowhere do Plaintiffs allege facts substantiating their conclusory allegation that Acris "[took] steps to hide the true value of HandsFree from his [sic] fellow shareholders." *See* AC at ¶ 93.  Nowhere does the Complaint claim that Acris assumed an active role – or *any* role – in the alleged scheme to conceal the true value of HandsFree.  Such baseless, conclusory statements are inadequate and mandate dismissal. *Ashcroft v. Iqbal*, 556 U.S. 662, 663, (2009) (allegations "supported by mere conclusory statements, do not suffice").

>        **(ii)    Plaintiffs' Claim Fails As To Chetan Chandra.**

The Complaint's factual allegations are similarly insufficient to plead a breach of fiduciary duty against Chetan.  Count VI alleges that Chetan breached his duty by transferring funds to Chandra under a hidden agreement and hiding that agreement from Plaintiffs.  There is, however, just one factual allegation as to Chetan's purported participation in the alleged scheme – that "Santhanam and Donnini had Chetan pay out a handsome return doubling his investment." (AC at ¶ 58.)  Leaving aside the utterly defective and conclusory foundation on which this allegation is built, allegations of passive participation in a disputed transaction are not enough to plead a breach. *See In re IT Grp. Inc.*, No. 02-10118, 2005 WL 3050611, at *7-8 (D. Del. Nov. 15, 2005) (dismissing breach of fiduciary duty claims under Delaware law against corporate officer where the Complaint alleged nothing more than performing a function, and officer was not alleged to have taken part in the decisions that form the basis of the complaint); *see also*

*Continuing Creditors' Comm. of Star Telecommunications, Inc. v. Edgecomb*, 385 F. Supp. 2d 449, 466 (D. Del. 2004) (dismissing breach of fiduciary duty claim against corporate officer where the complaint only alleged that corporate officer assisted other defendants with a disputed sale).  Here, there are no allegations that Chetan took any part in the decision-making of the alleged scheme, no allegations that he knew the alleged agreement between Chandra and Santhanam was hidden (or facts that there was an agreement at all), and no allegations that he took any steps to conceal it.  This is not enough, and Count VI must be dismissed.

### (iii)    Plaintiffs' Claim Fails Against Chandra.

Finally, the Complaint does not allege sufficient facts to substantiate that Chandra "[took] steps to hide the true value of HandsFree from his fellow shareholders."  *See* AC at ¶ 85.  The only actual conduct alleged in the Complaint is that Chandra participated in the January 2012 shareholder call with Santhanam and Donnini.  *See* AC at ¶¶ 24, 53, 54.  As with Chetan, however, there is no factual foundation that Chandra was involved in the allegedly deceptive decision-making.  Nowhere is it alleged that Chandra made any misleading statements, on the January 2012 shareholder call or otherwise, or indeed knew or even had a basis to believe anything said during that call was misleading or anything more than opinion.  Nowhere is it alleged that Chandra knew of the true value of HandsFree or that he was privy to any alleged scheme.  Plaintiffs' allegations of Chandra's mere involvement and participation in a transaction is not enough to survive dismissal, and Count V must be dismissed.  *Kaye*, 453 B.R. at 682.

### 2.    Plaintiffs Fail To State A Claim For Civil Conspiracy.

Plaintiffs' civil conspiracy claim must likewise be dismissed because Plaintiffs utterly have failed to allege: (1) unlawful conduct, (2) in which Defendants agreed to engage, (3) in furtherance of a conspiracy, (4) that resulted in damages to Plaintiffs.  *See Hayduk*, 775 F.2d  at 444 (dismissing conspiracy claim under 9(b)); *Latesco, L.P. v. Wayport, Inc.*, Civ. A. No. 4167 VCL, 2009 WL 2246793, at *9 n.33 (Del. Ch. July 24, 2009) (dismissing conspiracy claims where complaint failed to allege "an explicit agreement among any of the defendants to engage

in tortious activity").[6]  Moreover, Plaintiffs' civil conspiracy claims against HFN and Acris fail

because a corporation cannot conspire with itself, or its officers, directors, or employees.  *See*

*Kuroda v. SPJS Holdings, L.L.C.*, 971 A.2d 872, 893 n. 74 (Del. Ch. 2009).

First, Plaintiffs' failure to allege an underlying claim for fraud or breach of fiduciary duty

requires dismissal of their civil conspiracy claim.  *See* Sections II.C., II.F., *supra*; *Smiley v.*

*Daimler Chrysler*, 538 F. Supp. 2d 711, 718 (D. Del. 2008) (dismissing civil conspiracy claim

where underlying tort claim dismissed).

Second, Plaintiffs' unsupported allegations that "Defendants conspired to undertake a

scheme" (AC at ¶ 108) and engaged in "concerted actions" (*id*.) fail to raise the requisite

inference of a conspiratorial ***agreement***.  *See Delaney v. Massachusetts Bay Transit Auth.*, Civ. A.

No. 12-11341-RWZ, 2013 WL 2443992, at *5 (D. Mass. June 5, 2013) (dismissing civil conspiracy

claim where plaintiffs allege no meeting of the minds) (citation omitted).  Nowhere do Plaintiffs

allege any meetings, conversations, or phone calls between the Defendants supporting the

formation of a conspiratorial agreement.  *See Hartsel v. Vanguard Grp., Inc*, 2011 WL 2421003,

at *11 (Del. Ch. June 15, 2011) *aff'd*, 38 A.3d 1254 (Del. 2012) (dismissing civil conspiracy

claim for failure to allege facts raising inference of agreement).  Instead, the Complaint's vague

allegations that Santhanam, Donnini, Chandra, and Chetan took various actions (*e.g.*, AC at ¶¶

52-54) fail to "detail or differentiate the nature of [Defendants'] roles or the degree to which they

may have acted in concert" and amount, at best, to nothing more than actions that occurred that

were not part or result of any express agreement.  *Hartsel v. Vanguard Grp., Inc*, Civ. A. No.

5394-VCP, 2011 WL 2421003, at *11 (rejecting conclusory allegations that co-defendants acted

in concert or as part of plan).

---

[6]      Although Delaware law applies under the First Circuit's "internal affairs doctrine," the
application of Massachusetts law would lead to the same result.   *See e.g., Dobelle v. Flynn*, Civ. A. No.
13-30177KPN, 2014 WL 1396404, at *19 (D. Mass. Apr. 9, 2014) (dismissing for failure to adequately
plead an "anticipatory agreement" between the defendants to take wrongful action);  *Delaney*, 2013 WL
2443992, at *4 (civil conspiracy is not a separate cause of action under Massachusetts law).

Third, Plaintiffs have failed to allege any tortious acts by the Defendants in furtherance of an agreement. *See Delaney*, 2013 WL 2443992, at *5. Nothing in the Complaint suggests that any part of Chandra's alleged agreement to exit his investment involved the commission of unlawful acts. *See* AC at ¶ 40; *Encite LLC v Soni*, Civ. A. No. 2476-CC, 2008 WL 2973015, at *11 (Del. Ch. Aug. 1, 2008) (allegations of lawful acts cannot support conspiracy claim without non-conclusory allegations that acts were pursuant to a conspiratorial agreement). Similarly, Plaintiffs only allege that Chetan fulfilled his duties as treasurer by paying out the shareholders upon the close of the NEA-IUVP transaction. *See* AC at ¶ 58; *Encite*, 2008 WL 2973015, at *11. Nor do any of Plaintiffs' allegations as to Santhanam and Donnini's actions amount to conspiracy, as opposed to joint conduct. *See* AC at ¶¶ 53-54; *Encite*, 2008 WL 2973015, at *11 ("Simply alleging that [defendants] acted in concert… does not make it so").

Finally, Plaintiffs fail to allege damages arising from any actions taken by Defendants in furtherance of a conspiratorial agreement. *See Latesco, L.P.*, 2009 WL 2246793, at *9 (conspiracy claim must allege "the *damages resulting* from such acts.") (emphasis added) (citation omitted). Accordingly, the conspiracy claim fails under Rule 12(b)(b) and 9(b).

### 3.    <u>Constructive Trust Is A Remedy And Not A Cause Of Action.</u>

Plaintiffs' attempt to bring a "claim" for Constructive trust must also be rejected, not only because it is procedurally inappropriate, but also because Plaintiffs have failed to allege any underlying claim for wrongful conduct. "Constructive Trust" is not a separate cause of action, but "simply one of many conceivable alternative remedies which might be available after trial should plaintiffs prevail on one or more of their theories of recovery." *Crescent/Mach I Partners, L.P. v. Turner*, 846 A.2d 963, 991 (Del. Ch. 2000). Even if the Court considers Plaintiffs' claim, it must be dismissed because Plaintiffs have not stated a claim for fraud or breach of fiduciary duty. *Spano v. Morse*, CIV.A. 20121, 2003 WL 22389542, at *1 (Del. Ch.

Oct. 8, 2003) (granting motion to dismiss and denying request for constructive trust where no wrongful or inequitable conduct alleged).[7]

## III.   <u>CONCLUSION</u>

For the reasons set forth herein, Defendants respectfully request that this Court allow their Motion to Dismiss in its entirety and with prejudice.

Respectfully submitted,

Dated:  August 8, 2014

ALESSANDRO DONNINI, SRIDHAR SANTHANAM, HFN, INC, SATISH CHANDRA, CHETAN CHANDRA, ACRIS TECHNOLOGIES, PRIVATE, LTD.,

By Their Attorneys,

/s/ Robert B. Lovett

Robert B. Lovett (BBO #561691)
Elizabeth C. Inglis (BBO #678349)
Connor R. Cobean (BBO #689127)
COOLEY LLP
500 Boylston St.
Boston, MA  02116-3736
Tel.:  (617) 937-2300
Fax:  (617) 937-2400
rlovett@cooley.com
einglis@cooley.com
ccobean@cooley.com

---

[7]     Application of Massachusetts law would also result in dismissal.  *Stevens v. Thacker*, 550 F. Supp. 2d 161, 165 (D. Mass. 2008) (granting motion to dismiss constructive trust claim under Massachusetts law, applying same analysis as Delaware courts) (J. Gorton).

## CERTIFICATE OF SERVICE

I, Robert B. Lovett, certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this 8th day of August, 2014.

/s/ Robert B. Lovett_____
Robert B. Lovett (BBO # 561691)
rlovett@cooley.com
COOLEY LLP
500 Boylston Street
Boston, MA 02116-3736
Telephone: (617) 937-2300
Facsimile: (617) 937-2400

19