# EXHIBIT B

**EXHIBIT B**

| Paragraph No. | Allegation | The Allegation's Defect |
|---|---|---|
| ¶25 | The new investor "became a shareholder in HFN, knowing that it had, in fact, received the lucrative Dell contract, the equally promising HCL contract …." | Plaintiffs fail to identify the value of the Dell contract either before or after April 2012, and nowhere in the Complaint ever state that any work with HCL was certain or generated even one dollar. |
| ¶26 | In 2014, "Santhanam is seeking a second round of investment with a valuation of $50 million to $100 million." | No facts are pled showing that any fundraising efforts in June 2014 relate in any way to HandsFree's fair value in 2012.<br><br>Moreover, the pleading does not suggest that Santhanam has raised any actual funds for the company at that value. Technology companies are always trying to raise capital. |
| ¶28 | Dell directed to withhold invoices | This is directly belied by the American Appraisal report, which references the "live contract" and $300,000 in revenue.<br><br>Paragraph 46 of the Complaint references only one request, to hold one invoice for thirty days from "April 5 to 5th, May." This was one year before the transaction at issue. |
| ¶28 | "Dell had projected a substantial increase in purchases…" | There is nothing pled showing that this was actual or concrete, believed by anyone at HandsFree, or that any projection resulted in actual revenue. |
| ¶28 | Failure to inform Plaintiffs regarding HCL contract | The Complaint is littered with references to HCL. Nowhere does the Complaint ever state that any HCL contract generated revenue, either before or after the subject transaction. |
| ¶29 | The company was "poised for rapid growth." | There are no *facts* pled allowing for this inference. |

| ¶39 | "Santhanam and Donnini kept the success with Dell and the magnitude of the revenue a secret." | Success is a matter of opinion. The Complaint admits that Plaintiffs knew of a Dell contract in 2010, and its existence and the revenue it generated is in the American Appraisal report provided to Plaintiffs two months before closing. |
|---|---|---|
| ¶42 | "HCL concluded that it wanted to continue development of the product, estimating the … potential to be 8 million installations." | See ¶28 above. In addition "potential installations" is not a commitment, and Plaintiffs fail to identify any money paid by HCL to HandsFree or HFN. |
| ¶43 | Additional reference to Dell "projections" and hypothetical increased utilization and revenue. | See ¶28 above. |
| ¶44 | HandsFree "gained significant value through the contracts…"<br><br>"Santhanam and Donnini kept the new business and revenue secret…." | The Dell contract and revenue was disclosed in the American Appraisal report.<br><br>The HCL relationship was not pled as having generated revenue either before or after the transaction. |
| ¶46 | In April, 2011, HandsFree requested that Dell delay "invoice payment scheduled on April 5 to 5th, May." | This is a 30 day delay one year before the transaction at issue. |
| ¶49 | In June 2011, almost a year before the transaction at issue, Santhanam wrote to a potential investor that HCL had "given a green signal to the technology"; and "that the contract was about five weeks away." | Puffing statements made a year before the transaction at issue are meaningless, and non-actionable. Nothing has been pled showing that HCL generated any money for HandsFree. |
| ¶50 | The new investor is told that "Dell was a loyal customer already generating significant revenue" | These are vague, conclusory non-actionable statements of opinion. |
| ¶50 | "[R]evenue projections with HCL were potentially $160 million a year." | Nothing was pled showing that HCL ever generated any income for HandsFree or HFN. "Potential" revenue projections are not actionable. |
| ¶52 | Santhanam and Donnini tried "to get rid of the original shareholders" | The shareholders were given the option of taking cash or shares in newly formed HFN, Inc. |

2.

| | | |
|---|---|---|
| ¶53-54 | Santhanam said, "[t]here's about $100,000 debt in the company." | Nowhere does the Complaint contradict the alleged statements regarding debt, showing that statements were knowingly false when made. |
| | These paragraphs accuse Santhanam and Donnini of lying regarding the contracts and financial condition of HandsFree. | The American Appraisal report, distributed to Plaintiffs, directly contradicts alleged statements that the company did not have any contracts or revenue. |
| ¶55 | Statements were made to the new investor in February 2012. | Statements made to third parties and not to the Plaintiffs are not actionable. |
| ¶56 | February 19, 2012 letter to shareholders references a 'valuation,' which is the American Appraisal report. | Finances of HandsFree disclosed, including revenue and one "live" contract with Dell.  *See* Lovett Declaration, Ex. A at 30. |
| ¶57 | Reference to not taking account of "HandFree's actual revenue." | Nowhere do the Plaintiffs disclose what they believe to have been this "actual revenue."  There can be no fraud without pleading facts showing what was disclosed versus what allegedly was withheld. |
| ¶59 | Form D reflected no income for newly formed HFN, Inc. | No facts pled showing the newly formed corporation had any income yet. |
| ¶60 | This is the "whistleblower" allegation, alleging that an anonymous source disclosed "machinations" and "how the revenue from Dell and contract with HCL had been kept hidden." | Again, there are no specific amounts pled related to Dell before or after the transaction at issue, or any specific facts relative to HCL.  Whistleblower allegations must be disregarded as no facts pled establishing reliability. |