UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALLAN MILLER, DENNIS CALLAGY, THE CHESTER S. JAKUBOWSKI ROTH IRA, RICHARD GABRIEL, VICTORIA DUDIN SILIOUTINA, GEOFFRY MEEK, GENE ROBINSON, ERIC BROWN, SCOTT NOONE, JOHN MURGO, MAX KUPCHIK, and WILLIAM HARDING <br><br> Plaintiffs, <br><br> v. <br><br> ALESSANDRO DONNINI, SRIDHAR SANTHANAM, HFN, INC., SATISH CHANDRA, CHETAN CHANDRA, ACRIS TECHNOLOGIES, PRIVATE, LTD., <br><br> Defendants. | C.A. No.  14-CV-12337 |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE EXHIBITS FILED IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Defendants hereby move to strike certain exhibits Plaintiffs submitted with their Opposition to the Defendants' Motion to Dismiss (the "Opposition").[1] The challenged documents are extrinsic to Plaintiffs' Amended Complaint ("Complaint"), were not attached to or incorporated in that pleading, and as such may not be considered by this Court on a motion to dismiss.  It is hornbook law that a complaint's sufficiency must stand or fall based on the "four corners" of the pleading.  The hallmark of a plaintiff who cannot overcome the inevitable dismissal of a facially defective complaint is to avoid addressing those defects directly or substantively, and to instead try and litter the record with extrinsic evidence that creates

---

[1]     *See* Exhibits 1-9 (the "Exhibits") attached to Dolan Declaration In Support Of Plaintiffs' Opposition To Motion To Dismiss (the "Dolan Declaration") (ECF No. 25).  Defendants do not move to strike Exhibit 2 because it is incorporated in the Complaint.  Defendants also shortly will file an Unopposed Motion For Leave to File a Reply in Support of Their Motion to Dismiss, along with a proposed Reply Memorandum.

confusion and the ***appearance*** of a litigable dispute.  Even leaving aside the fact that the pleading rules and settled law in the First Circuit do not permit this tactic, permitting it here would elevate tactic over substance.

"In considering the merits of the motion to dismiss, the court may look only to the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the complaint, and matters of which judicial notice can be taken" such as SEC filings.  *Edsall v. Assumption Coll.*, 367 F. Supp. 2d 72, 75 (D. Mass. 2005) (citing *Nollet v. Justices of the Trial Ct. of Mass.*, 83 F. Supp. 2d 204, 208 (D. Mass. 2000), *aff'd*, 248 F. 3d 1127 (1st Cir. 2000)). Courts in the First Circuit have held that they may not properly consider exhibits – such as those at issue here – appended to an opposition when such exhibits were not attached to or specifically incorporated by reference in the complaint.  *Foran v. Stryker Sales Corp.*, Civ. A. No. 10-CV-12187-RGS, 2011 WL 652778, at *1 n.3 (D. Mass Feb. 14, 2011) (holding that exhibit attached to opposition was not a "matter that the court can consider on a motion to dismiss"); *McCourt v. TAP Pharm. Prod., Inc.*, Civ. A. No. 07-10374-GAO, 2008 WL 2129825, at *4 (D. Mass. May 20, 2008) (striking exhibits attached to plaintiff's opposition to motion to dismiss where such exhibits were not incorporated in complaint).

Thus, the Court should strike Plaintiffs' Exhibits for the following reasons.

<u>First</u>, inclusion of each of the Exhibits is an improper attempt to plead new facts outside of the Complaint, a tactic not permitted in this and other jurisdictions.  *Keane v. Countrywide Home Loans, Inc.*, Civ. A. No. 10-10751, 2011 WL 870782, at *2 n.4 (D. Mass. Mar. 11, 2011) (declining to consider exhibit attached for first time to plaintiff's opposition to motion to dismiss); *Klein v. MHM Corr. Servs., Inc.*, No. 08-cv-11814, 2010 WL 3245291, at *2 (D. Mass. Aug. 16, 2010) ("For the purposes of deciding whether a plaintiff's factual allegations are

sufficient in the context of a motion to dismiss under Rule 12(b)(6), the court may not look beyond the complaint to facts alleged solely in a plaintiff's moving papers."); *see also Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984) ("it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss"); *Ace Arts, LLC v. Sony/ATV Music Publ'g, LLC*, 13-CV-7307(AJN), 2014 WL 4804465, at *10 (S.D.N.Y. Sept. 26, 2014) (same).

Second, none of Exhibits 1, or 3 through 9 are attached to, or sufficiently incorporated in, the Complaint, and therefore must be disregarded. *See Lease Am. Org. Inc. v. Rowe Int'l Corp.*, CIV.A. 13-40015-TSH, 2014 WL 1330928, at *6 (D. Mass. Mar. 31, 2014) (declining to consider on motion to dismiss a document not "explicitly named or incorporated within" the complaint); *Wright v. Town of Southbridge*, CIV. A. 07-40305-FDS, 2009 WL 415506, at *8 (D. Mass. Jan. 15, 2009) (striking materials attached to plaintiffs' opposition to motion to dismiss where such material was "outside the pleadings").

Third, Exhibits 1, and 3 through 9 must also be disregarded because none is "central" or "integral" to Plaintiffs' Complaint. Courts in this Circuit only find documents "central" to the allegations where the "factual allegations of [the] complaint revolve around the documents." *Young v. Lepone*, 305 F.3d 1, 11 (1st Cir. 2002). Here, Plaintiffs have not even attempted to tie any of these newly submitted Exhibits to the specific allegations of their Complaint, let alone establish that their Complaint "revolves around" any of the Exhibits. Thus, settled law mandates that they be disregarded. *See Quaak v. Dexia, S.A.*, 357 F. Supp. 2d 330, 339 (D. Mass. 2005) (allowing motion to strike exhibits where connection between documents and the pleading too tenuous); *Ording v. BAC Home Loans Servicing, LP*, CIV.A. 10-10670-MBB, 2011 WL 99016, at *4 n.2 (D. Mass. Jan. 10, 2011) (striking exhibit as not central to plaintiffs' claim because

exhibit "insufficient for [plaintiff's claim] to survive dismissal").  Plaintiffs appear to be leaving

it to the Court to guess or speculate how, if at all, the Complaint as drafted relates to the

belatedly submitted documents – it is, after all an "amended complaint" as to which the Plaintiffs

have already had multiple chances to revise:

- **Ex. 1: Draft agreement between Global Tech Park Private Limited, Satish Chandra, Acris, and Santhanam.**  This unsigned, draft document is not specifically referenced or incorporated into the Complaint, nor is it verified or linked to the defendants in the Complaint.  Alluding to an "agreement" of some sort at Paragraph 40 is the kind of "mere mention" that falls well short of incorporating this specific document as is required in the First Circuit.  *See Freeman v. Town of Hudson*, 714 F.3d 29, 36 (1st Cir. 2013) (declining to consider document on motion to dismiss).

- **Exs. 3 and 4: Feb. 21, 2012 email from V. Ponnuswamy to Dell attaching spreadsheet.**  This email and attachment are not specifically referenced or incorporated into the Complaint.  Nor are the defendants copied thereon or linked to these documents in any way.

- **Exs. 5 and 6: Feb. 2011 and April 2011 emails from Dell to V. Charan (and others).**  Here, the Court is again left guessing about what connection, if any, this set of emails has to the specific averments in the Complaint.

- **Ex. 7: Nov. 2011 HCL Software License Agreement.**  Here, Plaintiffs have submitted a document that does not match what was pled in the Complaint.  Plaintiffs at most mention a "contract with HCL" in passing in Paragraphs 28 and 49 – along with specific, identifying information ***that does not even match*** the document submitted as Exhibit 7.  According to Plaintiffs' Complaint – the HCL contract implicated "expected sales" and was "executed in December 2011."  Compl. ¶¶ 28, 49.  Review of the document included as Exhibit 7 reveals that it, in contrast to the "facts" pled in the Complaint: (1) is by its terms is an agreement for potential future licenses, and contains no provision, promise or benchmarks whatsoever relating to "expected sales," and (2) is not "executed" or dated "in December 2011" as Plaintiffs allege in the Complaint, but rather is dated November 10, 2011 and was executed on February 1, 2012.  The blatant discrepancy between what was pled in the Complaint and this later submitted document, mandates its exclusion by the Court.  *See Leahy-Lind v. Maine Dep't of Health & Human Servs.*, 1:13-CV-00389-GZS, 2014 WL 4681033, at *6 n.10 (D. Me. Sept. 19, 2014) (declining to consider exhibit dated April 4, 2013 when the complaint referenced a document dated April 3, 2013).

- **Exs. 8 and 9: Email from Santhanam to V. Ponnuswamy attaching PowerPoint presentation.**  The Complaint makes no mention of an e-mail or PowerPoint presentation, which renders these documents outside of the Complaint and they, like the others, may not be considered by this Court on a motion to dismiss.

Indeed, any purported connection between the Exhibits and Plaintiffs' Complaint is far flimsier than the connections that courts in this Circuit **regularly find deficient**.  For example, in *Quaak*, the complaint alleged that information supporting the claim appeared in a June 24, 2003 article in the Belgian press.   357 F. Supp. 2d at 338.  The *Quaak* court struck the exhibits at issue – consisting of the relevant Belgian news articles dated June 24, 2003 – finding that they lacked the required "stronger connection" for consideration of extraneous material on a motion to dismiss.  *Id*. at 339; *see also Facey v. Dickhaut*, 892 F. Supp. 2d 347, 354 (D. Mass. 2012) (declining to consider documents vaguely connected to plaintiff's complaint because the complaint does not "revolve around" the documents or discuss the document "at considerable length").[2]

Fourth, Exhibit 1 must be stricken for the additional reason that it is unsigned and appears at best to be a **draft agreement**, not an executed contract "entered into" as represented in the Dolan Declaration.  It therefore lacks the indicia of authenticity and reliability for which the Court would look to consider it at the pleading stage.  *See Advanced Micro Devices, Inc. v. Feldstein*, 951 F. Supp. 2d 212, 215 (D. Mass. 2013) ("Courts may consider documents the authenticity of which [is] not in dispute—such as public records . . . .").

WHEREFORE, for the reasons stated above, Defendants respectfully request that the Court (a) strike Exhibits 1, and 3 through 9 submitted by Plaintiffs with their Opposition, and disregard any portions of Plaintiffs' Opposition that rely thereon, or (b) in the alternative, disregard Exhibits 1, and 3 through 9 and any accompanying arguments from the Opposition from consideration on the motion to dismiss.

---

[2]      In addition, the Exhibits are not central and must be stricken because, for the reasons set forth in Defendants' Reply In Further Support Of Their Motion To Dismiss, none of the Exhibits saves Plaintiffs' claim from dismissal.  *Ording*, 2011 WL 99016, at *4 n.2.

Dated:  October 8, 2014

Respectfully submitted,

ALESSANDRO DONNINI, SRIDHAR
SANTHANAM, HFN, INC, SATISH
CHANDRA, CHETAN CHANDRA, ACRIS
TECHNOLOGIES, PRIVATE, LTD.,

By Their Attorneys,

/s/ Robert B. Lovett

Robert B. Lovett (BBO #561691)
Elizabeth C. Inglis (BBO #678349)
Connor R. Cobean (BBO #689127)
COOLEY LLP
500 Boylston St.
Boston, MA  02116-3736
Tel.:  (617) 937-2300
Fax:  (617) 937-2400
rlovett@cooley.com
einglis@cooley.com
ccobean@cooley.com

**CERTIFICATE OF SERVICE**

      I, Robert B. Lovett, certify that this document filed through the CM/ECF system will be

sent electronically to the registered participants as identified on the Notice of Electronic Filing

(NEF) and paper copies will be sent to those indicated as non registered participants on this 8th day

of October, 2014.

                            /s/ Robert B. Lovett_____
                            Robert B. Lovett (BBO # 561691)
                            rlovett@cooley.com
                            COOLEY LLP
                            500 Boylston Street
                            Boston, MA 02116-3736
                            Telephone: (617) 937-2300
                            Facsimile: (617) 937-2400

110822684