UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALLAN MILLER, DENNIS CALLAGY, THE CHESTER S. JAKUBOWSKI ROTH IRA, RICHARD GABRIEL, VICTORIA DUDIN SILIOUTINA, GEOFFRY MEEK, GENE ROBINSON, ERIC BROWN, SCOTT NOONE, JOHN MURGO, MAX KUPCHIK and WILLIAM HARDING<br>           Plaintiffs<br>                    v.<br><br>ALESSANDRO DONNINI, SRIDHAR SANTHANAM, HFN, INC., SATISH CHANDRA, CHETAN CHANDRA, ACRIS TECHNOLOGIES, PRIVATE, LTD.<br>           Defendants | C.A. No. 14-CV-12337 (NMG) |

**PLAINTIFFS' MOTION AND SHORT MEMORANDUM TO STRIKE EXHIBITS "A" AND "C" FROM DEFENDANTS' DECLARATION TO THEIR REPLY BRIEF**

Plaintiffs, through counsel, hereby move to strike Exhibits A and C from the Declaration submitted by the Defendants on October 28, 2014 in support of their Reply to the Plaintiffs' Opposition. Dkt. 33, 34. First, Plaintiffs move to strike Exhibit A because, contrary to the Defendants' sworn statement, the document is not a true and correct copy of the Form D filing Defendant HFN, Inc. made to the SEC on June 12, 2012. Second, they move to strike Exhibit C because an "Investopedia" article is not an official record, nor is it referenced anywhere in the Complaint. As such, there are no proper grounds for accepting the document.

In the Declaration at issue here, Attorney Elizabeth C. Inglis swore that she was presenting a "true and correct copy" of the Form D that Defendant HFN had submitted to the U.S. Securities and Exchange Commission on June 12, 2012. Decl. at ¶ 1. Ms. Inglis states that

1

the source for the document is something called "pdf.secdatabase.com." *Id.* This appears to be a commercial purveyor in no way connected to the SEC's Edgar database.

Ironically, the document was presented to the Court in support of the Defendants' argument that the Plaintiffs "Try to Mislead the Court." Defs.' Reply at 12. However, the Defendants' phony document contains a critical difference from the genuine SEC document. An actual Form D document contains two boxes: one for "no revenues" and one for revenues between "$1 - $1 million." (Declaration of Timothy Cornell, Exhibit A) As stated in the Complaint, on the actual document, the Defendants checked off the "no revenues" box and thereby committed securities fraud because - as required by the SEC instructions the Defendants helpfully provide in Exhibit B - the Defendants were obliged to follow GAAP principles in declaring their current revenue, which was far more than $1. Compl. ¶ 59; Defs'. Ex. B at 6, Item 5.

Unlike the actual document, however, the Defendants' phony document contains only one box to check off, a box that combines "no revenues" with revenues between "$1 - $1 million." The document makes it appear that Defendants did not commit fraud in signing and submitting the Form D because they could argue that the actual revenues were declared. Because it is not a true and correct copy of the SEC filing - despite being declared as such under penalty of perjury - it should be stricken.

On November 3, 2014, Counsel Timothy Cornell telephoned Robert Lovett, counsel for the Defendants, to inform him of the Plaintiffs' discovery. Cornell Decl. ¶ 4. Mr. Lovett assured Mr. Cornell that the Defendants would move immediately to replace the phony document with the genuine document. *Id.* As of November 5, 2014, however, the Defendants have taken no

action, even with a decision on their motion to dismiss imminent.

The undersigned counsel have more than thirty years of combined legal experience. Neither has ever been accused of trying to mislead a court - until these Defendants filed their Reply.  In light of the Defendants' unfettered and unsubstantiated accusations that the Plaintiffs were seeking to mislead the Court - a claim no party should make lightly - the Plaintiffs believe that the Court should decide whether Defendants made this substitution intentionally. Certainly for Exhibit B, the Defendants actually use the SEC's own document, sourced to the SEC's own website. So it is clear they know how to obtain an actual SEC document when it is convenient for them.  Accordingly, the Plaintiffs request that the Court take notice of the Defendants' actions here and, under its own power and initiative afforded by FCRP 11(c)(3), determine if it is appropriate to sanction the Defendants in the form of the attorneys' fees required for the Plaintiffs to prepare this motion.

For Exhibit C, the Defendants submit some article from a website called Investopedia. They provide no explanation for why the Court should accept this article, and Plaintiffs cannot conceive of any plausible argument.  At this Motion to Dismiss stage of proceedings, this Court may only accept documents that are referenced in the Complaint or that are official records. *Watterson v. Page*, 987 F.2d 1, 4 (1st Cir. 1993).  The Investopedia article is neither and should be stricken.

Accordingly, the Plaintiffs respectfully move that the Court strike Exhibit A because it is not an official document, nor a true and correct record, and to strike Exhibit C because there are no valid grounds to accept such a document.

Respectfully Submitted,
The Plaintiffs,
By Their Attorneys,

__/s/ Patrick J. Dolan_____
Patrick J. Dolan  BBO #564250
*pdolan@pkdllp.com*
Perry, Krumsiek & Dolan, LLP
210 Union Wharf
Boston, MA 02109
617-720-4300
617-720-4310 (fax)

__/s/ Timothy Cornell_____
Timothy Cornell BBO #654412
*Timothycornell5@gmail.com*
Gardner Cornell, P.C.
33 Mount Vernon Street
Boston, MA 02107
603-277-0838

DATE:  November 5, 2014

Certificate of Meet and Confer

Pursuant to Local Rule 7.1, I, Timothy Cornell, hereby certify that on November 3, 2014, I met with counsel for Defendants, Robert Lovett, by teleconference, and the Defendants stated that they agreed to substitute the contested document with a purportedly genuine document from the U.S. Securities and Exchange Commission - an action they did not subsequently take - but would oppose the above-stated motion.

/s/ Timothy Cornell

Certificate of Service

I, Timothy Cornell, hereby certify that I served the above document was filed electronically using the Court's ECF system on November 5, 2014 and thereby served to the Defendants.

/s/ Timothy Cornell