UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALLAN MILLER, DENNIS CALLAGY, THE CHESTER S. JAKUBOWSKI ROTH IRA, RICHARD GABRIEL, VICTORIA DUDIN SILIOUTINA, GEOFFRY MEEK, GENE ROBINSON, ERIC BROWN, SCOTT NOONE, JOHN MURGO, MAX KUPCHIK, and WILLIAM HARDING<br><br>Plaintiffs,<br><br>v.<br><br>ALESSANDRO DONNINI, SRIDHAR SANTHANAM, HFN, INC, SATISH CHANDRA, CHETAN CHANDRA, ACRIS TECHNOLOGIES, PRIVATE, LTD.,<br><br>Defendants. | C.A. No.  14-CV-12337 |

### DEFENDANTS' MOTION, PURSUANT TO LOCAL RULE 7.1 CONFERENCE, TO CORRECT EXHIBIT TO THE FIRST INGLIS DECLARATION IN SUPPORT OF DEFENDANTS' REPLY MEMORANDUM

Defendants respectfully move to correct and substitute Exhibit 1 to the Declaration of Elizabeth C. Inglis filed herewith (the "Second Inglis Declaration") for Exhibit A to the October 28, 2014 Declaration of Elizabeth C. Inglis In Further Support Of Defendants' Reply In Support Of Defendants' Motion To Dismiss (the "First Inglis Declaration") (first submitted to this Court as a proposed exhibit on October 21, 2014).[1]  Among the Defendants' bases for the within motion are the following:

1.      On November 3, 2014, counsel for Plaintiffs, Timothy Cornell, telephoned the undersigned counsel for Defendants under Local Rule 7.1 to discuss a motion to strike that

---

[1]      Defendants note that although Plaintiffs have filed today a "Motion And Short Memorandum To Strike Exhibits 'A' And 'C' From Defendants' Declaration To Their Reply Brief," Defendants' counsel has not yet reviewed said submission and will review and file a response thereto within the time frame allowed by the Court's rules.

Plaintiffs were contemplating (the "Conference").  This call was further to an email Mr. Cornell had sent to the undersigned on November 2, 2014, requesting a Conference to discuss "a motion we intend to file to strike your latest round of exhibits in their entirety."  *See* Declaration of Robert B. Lovett in Support of Motion to Correct submitted herewith, Exhibit A.

2.      During the Conference, Mr. Cornell stated that Plaintiffs intended to move to strike Exhibits A and C to the First Inglis Declaration.  The subject matter of the within motion is Exhibit A thereto, which Mr. Cornell claimed was not authentic, and indeed was a "phony."  I did not have the relevant declaration or its exhibits in front of me when Mr. Cornell called, as it was first submitted to this Court a couple of weeks earlier, on October 21, 2014.  I went to obtain a copy and call him back.

3.      Exhibit A to the First Inglis Declaration is a copy of a Form D "Notice of Exempt Offering of Securities" filed with the Securities and Exchange Commission (the "SEC") by HFN, Inc. in 2012.  The copy was retrieved from a publicly available website – www.SECdatabase.com.  This website contains copies of SEC filings, and holds itself out as "The Best Free SEC Edgar Filing Research Platform," providing "**Full-text keywords searching** against all the SEC filings since 1994 (Over 8 million distinct filings)."  *See* www.SECdatabase.com (emphasis in original).  There is no reason to believe that the copies of SEC documents contained at www.SECdatabase.com are "phony," and Plaintiffs' counsel did not bring to my attention any reason to believe that the copies of the SEC filings contained at www.SECdatabase.com are "phony."

4.      The important point and the reason that the Conference was useful in part was that Mr. Cornell was correct to point out to me that Exhibit A was not drawn from the SEC's website, www.sec.gov, as we had intended.  As this Court is aware, www.sec.gov is the SEC's repository

of SEC filings, including the relevant Form D filing made by HFN.  As I explained to Mr. Cornell, first in a summary fashion by telephone, and then later in writing, this was an inadvertent ministerial error made by my staff when the First Inglis Declaration was prepared.  I have assured Mr. Cornell that, in crafting Section II.E. to Defendants' Reply Memorandum Of Law In Further Support Of Defendants' Motion To Dismiss (the "Reply"), I relied **only** on the Form D that one can obtain from the SEC.gov website, and that I did not consult with any other versions or copies of SEC filings available on other publicly available websites.

5.     As soon as the undersigned was made aware of this incorrect exhibit on my colleague's declaration, I agreed to remedy the error and submit to the Court the relevant HFN Form D available at www.sec.gov.  The undersigned so agreed for three reasons: (a) the Form D at sec.gov ***is the form of the SEC filing on which the undersigned actually relied***; (b) the correction ***in no way*** changes Defendants' factual or legal arguments in support of dismissal, nor does it alter one word of Defendants' arguments concerning the Form D; and (c) the information contained in the respective versions of Form D is the same.

6.     Despite the foregoing, Mr. Cornell accused the undersigned of intentionally using the www.SECdatabase.com copy of HFN's Form D because it "conveniently covered over the fraud that's been committed."  *See* Declaration of Robert B. Lovett in Support of Motion to Correct, Exhibit B.  Nothing could be further from the truth.  The crux of Defendants' argument in their Reply (at Section II.E. thereof) was that, contrary to the unfounded allegations made in the Amended Complaint, HFN checked the "No Revenues" box in Item 5 of Form D.  The argument in the Defendants' Reply, in summary is as follows:

- HFN, Inc. filed a Form D in 2012;

- The SEC's instructions to Form D, Item 5, give the issuer (here, HFN) the option to "[d]ecline to [d]isclose" revenues, or, as here, "if the issuer's . . . business is intended

to produce revenue but did not, enter 'No Revenues'";

- Rather than simply declining to disclose its revenues, which HFN was entitled to do, HFN, Inc. checked "No Revenues"; and

- Because cash or other assets on the predecessor company's balance sheet was not revenue produced by the new company, HFN reasonably checked Item 5 to the Form D and disclosed "No Revenues." Reply at 12-13.

HFN made the Form D filing in conformity with the guidelines published by the SEC itself. Under those guidelines, a "No Revenues" disclosure was not fraud as Plaintiffs allege, and there is nothing in the Amended Complaint, or in HFN's Form D from which this Court could infer fraud. It just is not there. Moreover, the allegation is exactly the kind of fraud-related allegation that is discouraged by the courts, and illustrates Plaintiffs attempt to taint the Defendants with innuendo. HFN's Form D was filed with the SEC long after the transaction at issue here closed, and the Plaintiffs did not rely on it nor could they have relied on it given that timing. *See* Am. Compl. ¶58 (transaction closed in *April 2012*); 4 Law Sec. Reg. § 12.10 ("If the transaction takes place prior to the disclosures in question, reliance cannot be established."). Thus, it can have no bearing on the crux of Plaintiffs' fraud claims which require temporally anchored facts showing reliance. Indeed, the tactic behind such pleading is transparent and one that the First Circuit has "consistently rejected" – somehow try and show that Defendants are bad people, and even if there is no nexus between the allegation and Plaintiffs' claims, try and use the resulting taint to avoid dismissal. *Rodriguez-Ortiz v. Margo Caribe, Inc.*, 490 F.3d 92, 97 (1st Cir. 2007) (rejecting allegations of "'fraud by hindsight,' essentially inferring earlier knowledge based only on the situation that later came to pass.").

7. As is properly reflected in both Exhibit A to the First Inglis Declaration and Exhibit 1 to the Second Inglis Declaration, the box checked by HFN disclosed that the company

had "No Revenues."

8.      In order to clear up any potential confusion caused by the mistaken inclusion of the SECdatabase.com copy of HFN's Form D as Exhibit A to the First Inglis Declaration, Defendants submit herewith as Exhibit 1 to the Second Inglis Declaration a true and accurate copy of HFN's Form D on file with the SEC.   It is publicly available at http://www.sec.gov/Archives/edgar/data/1549701/000154970112000001/xslFormDX01/primary _doc.xml.

9.      Based on the foregoing, Defendants respectfully request that the Court substitute Exhibit 1 to the Second Inglis Declaration for Exhibit A submitted with the First Inglis Declaration, and consider Exhibit 1 instead.   In the alternative, Defendants respectfully request that the Court consider Exhibit 1 to the Second Inglis Declaration *together with* Exhibit A to the First Inglis Declaration, as doing so does not in any way alter Defendants' arguments in their Reply.  The accusations made by the Plaintiffs during the Conference are a tempest in a teapot, if that.

Dated:  November 5, 2014

Respectfully submitted,

ALESSANDRO DONNINI, SRIDHAR
SANTHANAM, HFN, INC, SATISH
CHANDRA, CHETAN CHANDRA, ACRIS
TECHNOLOGIES, PRIVATE, LTD.,

By Their Attorneys,

/s/ Robert B. Lovett
Robert B. Lovett (BBO #561691)
Elizabeth C. Inglis (BBO #678349)
Connor R. Cobean (BBO #689127)
COOLEY LLP
500 Boylston St.
Boston, MA  02116-3736
Tel.:  (617) 937-2300
Fax:  (617) 937-2400
rlovett@cooley.com
einglis@cooley.com
ccobean@cooley.com

## CERTIFICATION PURSUANT TO LOCAL
## RULE 7.1(A)(2) AND CERTIFICATE OF SERVICE

I, Robert B. Lovett, counsel for Defendants, hereby certify that counsel for the parties conferred concerning the subject of this motion prior to filing.  We were able to agree to substitute the exhibit, which narrowed the areas of dispute.   Regrettably Plaintiffs' counsel refused to believe that the exhibit was a non-material, ministerial matter and accused the defense counsel of acting in bad faith, and that the substitution itself would be an admission of such bad faith.  The undersigned, obviously, disagrees.

I further certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this 5th day of November, 2014.

/s/ Robert B. Lovett_____
Robert B. Lovett (BBO #561691)
rlovett@cooley.com
COOLEY LLP
500 Boylston Street
Boston, MA 02116-3736
Telephone: (617) 937-2300
Facsimile: (617) 937-2400

111576939