**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| _____ | | |
| ALLAN MILLER, DENNIS CALLAGY, | ) | |
| THE CHESTER S. JAKUBOWSKI ROTH IRA, | ) | |
| RICHARD GABRIEL, VICTORIA DUDIN | ) | |
| SILIOUTINA, GEOFFRY MEEK, GENE | ) | |
| ROBINSON, ERIC BROWN, SCOTT NOONE, | ) | |
| JOHN MURGO, MAX KUPCHIK and | ) | |
| WILLIAM HARDING | ) | |
|          Plaintiffs | ) | C.A. No. 14-CV-12337 (NMG) |
|          v. | ) | |
| | ) | |
| ALESSANDRO DONNINI, SRIDHAR | ) | |
| SANTHANAM, HFN, INC., SATISH | ) | |
| CHANDRA, CHETAN CHANDRA, | ) | |
| ACRIS TECHNOLOGIES, PRIVATE, LTD. | ) | |
|          Defendants | ) | |
| _____ | | |

**PLAINTIFFS' MOTION TO WITHDRAW AS MOOT THEIR MOTION TO STRIKE**
**EXHIBIT "A" FROM DEFENDANTS' DECLARATION TO THEIR REPLY BRIEF**

Four business days after being told the Plaintiffs had learned of the phony document the

Defendants had submitted as genuine to the Court - and only after the Plaintiffs were forced to

resort to the Court to request a Motion to Strike the dubious document - the Defendants finally

did the right thing and made a motion to substitute the phony document.  Dkt. 35, 36.   Because

the Defendants' belated motion effectively moots the Plaintiffs' Motion to Strike, the Plaintiffs

accordingly withdraw their Motion to Strike as it pertains to Exhibit A of the Defendants'

Declaration.

Nevertheless, the Plaintiffs still request that the Court use its own power and initiative

under FCRP 11(c)(3) to consider sanctions against the Defendants in the form of the Plaintiffs'

attorneys' fees required to address this issue. Otherwise, the Defendants' action - and subsequent

inaction - effectively shifts the risk and cost of such behavior onto the wrong party. This is

unfair. Further, a strong message is required here. The Plaintiffs have clearly been unable to

convey effectively to the Defendants why the issue is urgent.   Instead, the Defendants have responded with an undue delay and a shrug of "tempest in a teapot." Defs.' Mot. to Substitute at 5.

The issue is a big deal. The genuine Form D document from the SEC, purportedly offered now in the Defendants' motion for substitution, shows that the Defendants had declared to the SEC and the public that HFN had "no revenues" as of the filing date. They had to state this, because they had told the Plaintiffs the same thing - that there were no live contracts. In fact, HFN had an ongoing contract with Dell, and HFN provided service to Dell, at least during the month of May. Adhering to the GAAP principles required in the SEC Instructions to Form D (helpfully provided by the Defendants in Exhibit B), HFN was required to state the revenue from that service to Dell as of the filing date.  We also know that the Defendants had asked Dell to delay paying their invoices while the deal was in the works. It is entirely plausible that Dell made up its arrears during this period. The phony document the Defendants offered to the Court as genuine papered all of this over, making it look as if HFN had revenue somewhere between "no revenue" and "$1,000,000."

Accordingly, the Plaintiffs withdraw their Motion to Strike as to Exhibit A, but respectfully maintain their request as to the remainder of that motion.

> Respectfully Submitted,
> The Plaintiffs,
> By Their Attorneys,
>
> __/s/ Patrick J. Dolan_____
> Patrick J. Dolan  BBO #564250
> *pdolan@pkdllp.com*
> Perry, Krumsiek & Dolan, LLP
> 210 Union Wharf
> Boston, MA 02109
> 617-720-4300

3

617-720-4310 (fax)

   /s/ Timothy Cornell
Timothy Cornell BBO #654412
*Timothycornell5@gmail.com*
Gardner Cornell, P.C.
33 Mount Vernon Street
Boston, MA 02107
603-277-0838

DATE:  November 6, 2014

4

Certificate of Service

I, Timothy Cornell, hereby certify that I served the above document was filed electronically using the Court's ECF system on November 6, 2014 and thereby served to the Defendants.

/s/ Timothy Cornell