UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALLAN MILLER, DENNIS CALLAGY, THE CHESTER S. JAKUBOWSKI ROTH IRA, RICHARD GABRIEL, VICTORIA DUDIN SILIOUTINA, GEOFFRY MEEK, GENE ROBINSON, ERIC BROWN, SCOTT NOONE, JOHN MURGO, MAX KUPCHIK, and WILLIAM HARDING<br><br>               Plaintiffs,<br><br>    v.<br><br>ALESSANDRO DONNINI, SRIDHAR SANTHANAM, HFN, INC, SATISH CHANDRA, CHETAN CHANDRA, ACRIS TECHNOLOGIES, PRIVATE, LTD.,<br><br>               Defendants. | C.A. No. 14-CV-12337 |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION
TO WITHDRAW AS MOOT THEIR MOTION TO STRIKE**

Defendants hereby respond to Plaintiffs' Motion To Withdraw As Moot Their Motion To Strike (the "Motion to Withdraw") as follows[1]:

1. Plaintiffs' baseless lawsuit accuses the Defendants of committing fraud. Now, when undersigned counsel's office uses a Form D from SECdatabase.com, which contains searchable copies of SEC documents, rather than the substantively same Form D from www.sec.gov, what happens? Plaintiffs paint with the same broad brush, and now accuse the defense lawyers of committing fraud. Indeed, Plaintiffs reject out of hand an honest and forthright explanation provided by the undersigned that my staff inadvertently downloaded a Form D from a secondary publicly available repository of SEC documents, because that logical

---

[1] Defendants do oppose Plaintiffs' Motion to Strike Exhibit C from the First Inglis Declaration, and will file their opposition thereto within the timeframe allowed by the Rules.

explanation does not fit the accusations Plaintiffs have made.  A valid document is called "phony"; Plaintiffs never address the fact that SECdatabase.com holds itself out to the public as a repository of SEC filings; Plaintiffs never bring to my or the Court's attention any information from which one could find that the Form D originally submitted is invalid; and, even after this ministerial issue is remedied by swapping out the Form D, Plaintiffs press for sanctions anyway. All this, and Plaintiffs still ignore the factual and legal bases for Defendants' Form D arguments. An issue like this – where one side questions the authenticity of a document but knows there is an alternative document available that would remedy any concern – would normally be taken care of with *only* a phone call.  As discussed below though, the ongoing story of Plaintiffs' suppositions simply does not hang together with the facts.[2]

2.    Plaintiffs even go so far as to accuse undersigned counsel of intentionally delaying, waiting "*[f]our* **business days**" after agreeing to substitute one Form D for another. Motion to Withdraw at 1 (emphasis added).  This accusation is flat wrong.  As the record and the calendar reflect, Defendants filed their Motion To Correct Exhibit To The First Inglis Declaration In Support Of Defendants' Reply Memorandum (the "Motion To Correct") on Wednesday evening, November 5, 2014 (at 6:56 p.m.).  *See* Dkt. No. 36.  Undersigned counsel for Defendants spoke with Timothy Cornell late in the afternoon of Monday, November 3, 2014, and confirmed the agreement to substitute the Form D in a series of emails between approximately 5:47 p.m. and 6:21 p.m.  *See* Exhibit B to Declaration Of Robert B. Lovett In Support Of Defendants' Motion To Correct Exhibit To The First Inglis Declaration (Dkt. No. 37)).  The period of time between approximately 6 p.m. on Monday, November 3, 2014 and 7

---

[2]    Moreover, Mr. Cornell did not comply with Local Rule 7.1 and request a meet and confer before filing Plaintiffs' Motion To Withdraw.  Since the motion was more than ministerial, and added additional argument related to their original motion to strike, compliance with the local rule was required.

p.m. on Wednesday, November 5, 2014 obviously is not four business days.  It is two calendar days, almost to the hour.[3]

3. Most importantly, Plaintiffs still miss the point of Defendants' argument concerning HFN's Form D.  ***The argument is, and the facts are, that HFN, Inc. checked the box in the Form D for "No Revenues" in conformity with the SEC's published instructions.***  This is set forth in detail in Section II.E. of Defendants Reply Memorandum of Law in Further Support of Defendants' Motion to Dismiss, and again in Paragraph No. 6 of Defendants' Motion to Correct.  This fact is reflected in the ***three versions*** of the Form D now on file with this Court.  Defendants never argued, and did not indicate on any Form D, that HFN, Inc. had revenues.  Indeed, even though the font and appearance of each copy of the Form D may be different (and there is no marking on the Form D submitted by Plaintiffs reflecting its URL origin, if any; and it does not bear the markings reflecting that it was drawn from www.sec.gov), each Form D shows that HFN checked  "No Revenues."  The facts are that simple.

4. Plaintiffs' request for Rule 11 sanctions is not only baseless for the reasons stated herein and in the Motion To Correct, it is procedurally improper.  Defendants' Motion To Correct makes clear that inclusion of Exhibit A to the First Inglis Declaration was a non-material ministerial mistake – nothing more – and Defendants promptly moved to substitute that exhibit with the intended copy of Form D when notified.  Plaintiffs agreed to this resolution.  The meet and confer process under Local Rule 7.1 is designed to narrow issues in dispute or obviate the need for motion practice.  Here the meet and confer worked, which eliminates Plaintiffs' procedural predicate for any kind of sanction, let alone their baseless claim for Rule 11 sanctions.  Now, even after it has been made clear to Plaintiffs that Defendants' action (a) was

---

[3] The undersigned had suggested an additional conference among counsel, but conflicting schedules made that difficult.  *See* Declaration of Robert B. Lovett In Support Of Defendants' Response To Plaintiffs' Motion To Withdraw As Moot Their Motion To Strike, filed herewith, at Exhibits A and B.

inadvertent and only ministerial in nature; (b) has been promptly corrected; and (c) either way, has no bearing on facts or substance of Defendants' arguments, Plaintiffs still ask this Court to mete out Rule 11 sanctions. Leaving aside the utterly unfounded basis for the request, Rule 11 requires a "separate motion." Such separate motion "must not be filed or presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed. R. Civ. P. 11(c)(2). Here, Plaintiffs have not filed a separate motion, did not afford Defendants 21 days, and in any event got what they asked for – the filing of a substituted Form D drawn from www.sec.gov. Accordingly, their request of this Court, which certainly could be construed as a motion because Plaintiffs are pressing for Rule 11 sanctions, was presented for consideration in disregard of Rule 11's directive that it "must not be filed or presented if the challenged paper . . . is withdrawn or appropriately corrected." Leaving aside the irony of Plaintiffs ignoring the requirements of Rule 11, Plaintiffs' request for sanctions should be denied.

| | |
|---|---|
| Dated:  November 7, 2014 | Respectfully submitted,<br><br>ALESSANDRO DONNINI, SRIDHAR SANTHANAM, HFN, INC, SATISH CHANDRA, CHETAN CHANDRA, ACRIS TECHNOLOGIES, PRIVATE, LTD.,<br><br>By Their Attorneys,<br><br>/s/ Robert B. Lovett<br>Robert B. Lovett (BBO #561691)<br>Elizabeth C. Inglis (BBO #678349)<br>Connor R. Cobean (BBO #689127)<br>COOLEY LLP<br>500 Boylston St.<br>Boston, MA  02116-3736<br>Tel.:  (617) 937-2300<br>Fax:  (617) 937-2400<br>rlovett@cooley.com<br>einglis@cooley.com<br>ccobean@cooley.com |

5

**CERTIFICATE OF SERVICE**

I, Robert B. Lovett, certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on November 7, 2014.

                                                       /s/ *Robert B. Lovett*
                                                       Robert B. Lovett

111735898