**United States District Court**
**District of Massachusetts**

```
―――――――――――――――――――――          )
ALLAN MILLER et al.,              )
                                  )
          Plaintiffs,             )
                                  )    Civil Action No.
          v.                      )    14-12337-NMG
                                  )
CHETAN CHANDRA et al.,            )
                                  )
          Defendants.             )
―――――――――――――――――――――          )
```

<u>**MEMORANDUM & ORDER**</u>

GORTON, J.

This case arises from an alleged fraudulent scheme by defendants Sridhar Santhanam ("Santhanam"), Alessandro Donnini ("Donnini"), Satish Chandra, Chetan Chandra, Acris Technologies Private Limited ("Acris") and HFN, Inc. ("HFN") to deceive twelve former minority shareholders (Allan Miller, Dennis Callagy, The Chester S. Jakubowski Roth IRA, Richard Gabriel, Victoria Dudin Silioutina, Geoffry Meek, Gene Robinson, Scott Noone, John Murgo, Max Kupchik, Eric Brown, Eric Brown and William Harding, collectively "plaintiffs") of HandsFree Networks, Inc. ("HandsFree") into cashing out their shares for well below their true value.

Plaintiffs' amended complaint asserts the following causes of action: 1) violation of Section 10(b) of the Securities Exchange Act of 1934 ("the Exchange Act") and Rule 10b-5 of the

Securities and Exchange Commission ("SEC") promulgated thereunder against all defendants (Count I), 2) violation of Section 20(a) of the Exchange Act against defendants Santhanam, Donnini and Satish Chandra (Count II), 3) breach of fiduciary duty against defendants Santhanam, Donnini, Satish Chandra, Chetan Chandra and Acris (Counts III-VII), 4) fraud against defendants Santhanam, Donnini and Satish Chandra (Counts VIII-X), 5) civil conspiracy against all defendants (Count XI) and 6) constructive trust against defendants Santhanam, Donnini and HFN (Count XII).

In August, 2014, defendants moved to dismiss the amended complaint in its entirety.  That motion and five motions regarding the scope of the case record were referred to Magistrate Judge Jennifer Boal for a Report and Recommendation ("R&R").  Magistrate Judge Boal's R&R recommends allowing the defendants' motion to dismiss by dismissing Counts I and II with prejudice and declining to exercise supplemental jurisdiction with respect to the remaining state law claims.  Should the Court choose to exercise supplemental jurisdiction over the state law claims, the R&R recommends a) denying the motion to dismiss as to Counts III and IV and b) dismissing Counts V through XII.  With respect to the motions concerning the scope of the record, the R&R recommends 1) allowing defendants' motion to strike plaintiffs' exhibits, 2) denying plaintiffs' motion to

strike Exhibits A and C from defendants' declaration, 3) allowing defendants' motion to correct exhibit, 4) allowing, in part, and denying, in part as moot, plaintiffs' motion to withdraw their motion to strike Exhibit A from defendants' declaration and 5) allowing plaintiffs' motion to withdraw their motion for sanctions.

Plaintiffs timely objected to Magistrate Judge Boal's recommendations with respect to Counts I (as to defendants Santhanam, Donnini and Satish Chandra), II, V, VIII through X and XI (as to defendants Santhanam, Donnini and Satish Chandra). They also objected to the striking of eight of the nine exhibits attached to an affidavit in opposition to defendants' motion to dismiss.

Defendants timely objected to the R&R with respect to Counts III and IV as well as to several conclusions made by the Magistrate Judge in deciding Count I.

For the reasons that follow, the Court will 1) sustain plaintiffs' objections with respect to the striking of Exhibits 8 and 9, 2) sustain plaintiffs' objections with respect to Counts I and II as to Santhanam and Donnini as well as to Counts VIII and IX of the amended complaint, 3) overrule the remainder of plaintiffs' objections and defendants' objections and 4) otherwise accept and adopt the Magistrate Judge's recommendation.

I.    **Background**

In 1999, plaintiffs Allan Miller and Dennis Callagy and defendant Donnini founded HandsFree, a company that developed one of the world's first remote computer systems.  After HandsFree struggled with profitability issues for a number of years, defendant Acris bought a 60% interest in the company in March, 2008.  Santhanam controlled Acris and therefore became a principal in HandsFree.  In 2009, Satish Chandra acquired an 85% interest in Acris for one million dollars.  During the time periods relevant to the case, Donnini, Santhanam and Satish Chandra were on the board of directors of HandsFree.

A.    **Alleged fraudulent scheme**

In November, 2010, Dell, Inc. ("Dell") entered into a contract with HandsFree to purchase its software product. Santhanam and Donnini conveyed, however, "only dour reports reflecting problems with Dell" to Satish Chandra.  As a result, sometime before May, 2011, Satish Chandra agreed to sell his investment in Acris if Santhanam could promise him a return of 200% or $2 million on that investment.  That agreement was not revealed to any of the minority shareholders.

Shortly thereafter, Santhanam, Donnini and another HandsFree employee, Vidhyacharan Ponnusamy ("Ponnusamy") began looking for an investor to invest $4 million in the company, half of which would be used to buy out Satish Chandra.

-4-

They portrayed "the true financial picture" of HandsFree to potential buyers.  For example, Santhanam, Donnini and Ponnusamy gave a presentation to the private equity firm New Enterprise Associates-Indo U.S. Ventures LLC ("NEA") in October, 2011 indicating that Dell was a loyal customer already generating significant revenues and that they projected $160 million in revenues per year from a prospective contract with HCL Comnet Systems and Services, Ltd. ("HCL").  NEA agreed to invest $4 million in return for a 40% stake in HandsFree, reflecting a company net worth of $10 million.

In order to conceal the actual income of HandsFree and to convey a negative financial outlook to the plaintiffs, Santhanam and Donnini requested that Dell not pay HandsFree invoices for the second half of 2011 and the first quarter of 2012.  In December, 2011, HandsFree entered into a contract with HCL which was also kept secret from the minority shareholders.

In January, 2012, Santhanam, Donnini and Satish Chandra gathered the shareholders on a conference call ("the January, 2012 conference call") to deliver "dismal news" about the company.  Santhanam told the shareholders that HandsFree was $100,000 in debt and without any substantial client.  Donnini direly declared,

> if you are even considering getting $2 for your shares, guess what, you can go buy yourself a cup of coffee that you wouldn't have been able to buy before.

-5-

The following month, Santhanam sent a letter to
shareholders ("the February, 2012 letter") seeking approval for
the transfer of HandsFree's assets to a new shell company, HFN.
The shareholders were offered an option to cash out on their
shares or to become shareholders in HFN.  An analysis of
HandsFree attached to the February, 2012 letter valued the
company at $243,973.  A second analysis by American Appraisal
projected a valuation of $1,730,000 by the end of 2012.  Those
valuations allegedly did not include consideration of the Dell
and HCL contracts and were based upon payment of only a portion
of the Dell invoices.

When the NEA deal closed in April, 2012, Satish Chandra
received $2 million pursuant to his agreement with Santhanam and
Donnini.  On the other hand, the original investors received a
total of $21,000 and were told that amount reflected the fair
value of HandsFree.  Several shareholders received no
compensation for their shares.

## II.  Report and Recommendation on the Motion to Dismiss

Magistrate Judge Boal's R&R recommends that this Court
dismiss the federal securities fraud claims and decline to
exercise supplemental jurisdiction over plaintiffs' state law
claims.  Both parties have submitted objections to that R&R as
follows:

A.    Plaintiffs object to the Magistrate Judge's
conclusions that:

1)    the amended complaint fails to state a claim of
securities fraud with particularity as to defendants
Donnini, Santhanam and Satish Chandra,

2)    plaintiffs failed to state a claim under Section 20(a)
of the Exchange Act as to defendants Santhanam,
Donnini and Satish Chandra,

3)    the common law fraud claims should be dismissed,

4)    the breach of fiduciary duty claim against Satish
Chandra should be dismissed,

5)    the civil conspiracy claims should be dismissed as to
Santhanam, Donnini and Satish Chandra and

6)    eight of the nine exhibits submitted by plaintiffs in
response to defendants' motion to dismiss should be
stricken.

B.    Defendants object to the Magistrate Judge's
conclusions that:

1)    plaintiffs' securities fraud claims were brought
within the statute of limitations,

2)    plaintiffs satisfied the standard for pleading
reliance and causation for their securities fraud
claims and

3)    plaintiffs' breach of fiduciary duty claims against
      Santhanam and Donnini survive the defendants' motion
      to dismiss.

When a district court refers a dispositive motion to a
magistrate judge for recommended disposition, it must "determine
de novo any part of the magistrate judge's disposition that has
been properly objected to." Fed. R. Civ. P. 72(b)(3).  Thus, the
Court reviews de novo the Magistrate Judge's recommendations
with respect to Counts I (as to Santhanam, Donnini and Satish
Chandra), II through V, VIII through X and XI (as to Santhanam,
Donnini and Satish Chandra).

### A.    Legal standard

To survive a motion to dismiss, a complaint must contain
sufficient factual matter, accepted as true, to "state a claim
to relief that is plausible on its face. Bell Atl. Corp. v.
Twombly, 550 U.S. 544, 570 (2007).  In considering the merits of
a motion to dismiss, the Court must accept all factual
allegations in the complaint as true and draw all reasonable
inferences in the plaintiff's favor. Langadinos v. Am. Airlines,
Inc., 199 F.3d 68, 69 (1st Cir. 2000).  Yet "[t]hreadbare
recitals of the elements of a cause of action, supported by mere
conclusory statements," do not suffice to state a cause of
action. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).
Accordingly, a complaint does not state a claim for relief where

-8-

the well-pled facts fail to warrant an inference of anything more than the mere possibility of misconduct. Id. at 679.

### B.   Scope of the record

With respect to the motions relating to the scope of the record in connection with the defendants' motion to dismiss, Magistrate Judge Boal's R&R recommends that the Court 1) allow defendants' motion to strike eight of the nine exhibits submitted by plaintiffs in their opposition to the motion to dismiss, 2) deny plaintiffs' motion to strike defendants' Exhibits A and C in support of their motion to dismiss, 3) allow defendants' motion to correct an exhibit, 4) allow, in part, and deny, in part as moot, plaintiff's motion to withdraw their motion to strike Exhibit A and for sanctions against defendants and 5) allow plaintiff's motion to withdraw their motion for sanctions.

Plaintiffs object to the magistrate judge's recommendation that defendants' motion to strike be allowed.  For the same reasons stated in the R&R, the Court will overrule plaintiffs' objection with respect to Exhibits 1 and 3 through 7.  The Court will sustain, however, plaintiffs' objection regarding Exhibit 8, an October, 2011 email from Santhanam to Ponnusamy attaching a Power Point presentation, and Exhibit 9, the slides of that presentation.  Plaintiffs allege in the amended complaint that Santhanam, Donnini and Ponnusamy made a presentation to NEA in

-9-

October, 2011 during which they provided "the true financial picture of the company."  The slides for that presentation are therefore sufficiently referenced in the amended complaint. <u>Watterson</u> v. <u>Page</u>, 987 F.2d 1, 4 (1st Cir. 1993).

The Court otherwise will accept and adopt the remainder of the recommendations in the R&R relating to the scope of the record.

### C.   Securities fraud in violation of the Exchange Act (Counts I and II)

Plaintiffs allege in Counts I and II of their amended complaint that defendants violated Section 10(b), SEC Rule 10b-5 and Section 20(a) of the Exchange Act.

### 1.   Legal standard

Section 10(b) of the Exchange Act makes it unlawful "[t]o use or employ, in connection with the purchase or sale of any security...any manipulative device or contrivance." 15 U.S.C. § 78j(b).  SEC Rule 10b-5 similarly makes it unlawful

> [t]o make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading...

17 C.F.R. § 240.10b-5(b).

To state a claim under Section 10(b) and Rule 10b-5, a plaintiff must adequately plead six elements:

> 1) a material misrepresentation or omission;  2) scienter, or a wrongful state of mind; 3) a connection

with the purchase or sale of a security; 4) reliance; 5) economic loss; and 6) loss causation.

Matrixx Initiatives, Inc. v. Siracusano, 131 S. Ct. 1309, 1317-18 (2011); see also ACA Fin. Guar. Corp. v. Advest, Inc., 512 F.3d 46, 58 (1st Cir. 2008) (citing Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 341-42 (2005)).

A claim for securities fraud must also comply with Fed. R. Civ. P. 9(b) and satisfy the exacting requirements of the Private Securities Litigation Reform Act of 1995 ("PSLRA"). Rule 9(b) requires a party to state "with particularity the circumstances constituting fraud" including the time, place, and content of the alleged false or fraudulent representations. Fed. R. Civ. P. 9(b).

The PSLRA imposes two heightened pleading requirements on federal securities fraud claims beyond those enumerated in the Federal Rules of Civil Procedure. Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 313 (2007). First, to support allegations of misleading statements or omissions, plaintiffs must

> specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed.

15 U.S.C. § 78u-4(b)(1). Second, to plead scienter adequately, plaintiffs must state "with particularity facts giving rise to a

strong inference" that the defendant acted recklessly or with

the intent to deceive, manipulate, or defraud. 15 U.S.C. § 78u-

4(b)(2); <u>Greebel</u> v. <u>FTP Software, Inc.</u>, 194 F.3d 185, 199 (1st

Cir. 1999).

Ruling on a motion to dismiss a securities fraud claim

therefore requires a district court to assess the strength of

competing inferences.  When there are equally strong inferences

for and against scienter, "the draw is awarded to the

plaintiff." <u>City of Dearborn Heights Act 345 Police & Fire Ret.</u>

<u>Sys.</u> v. <u>Waters Corp.</u>, 632 F.3d 751, 757 (1st Cir. 2011).

Moreover, "scienter should be evaluated with reference to the

complaint as a whole rather than to piecemeal allegations." <u>ACA</u>

<u>Fin. Guar. Corp.</u>, 512 F.3d at 59.

### 2.   Statute of limitations

Claims under Section 10(b), Rule 10b-5 and Section 20(a) of
the Exchange Act must

> be brought not later than the earlier of - (1) 2 years
> after the discovery of facts constituting the
> violation; or (2) 5 years after such violation.

28 U.S.C. § 1658(b).

The parties dispute whether the case filed in June, 2014

was brought within two years of the plaintiffs' discovery of

facts underlying the alleged securities violations.

Defendants contend that the subject claims are time-barred

because the shareholders were on notice of their claim after

they received the February, 2012 letter which contained information that contradicted the alleged statements made by Santhanam and Donnini during the January, 2012 conference call that HandsFree was virtually insolvent and without clients. Specifically, defendants aver that a reasonably diligent shareholder would have begun investigating after receiving the February, 2012 letter which attached an analysis by American Appraisal stating that HandsFree had received $300,000 in revenue, was valued at $1.7 million and had one active contract.

Magistrate Judge Boal disagreed and concluded that the Exchange Act claims are not barred by the statute of limitations because 1) the discrepancies between the January, 2012 conference call information and the February, 2012 letter do not suggest that fraud was committed, 2) it is unclear whether a reasonably diligent shareholder should have been suspicious upon receiving the February, 2012 letter and 3) even if such a shareholder had begun investigating in February, 2012, there is no indication that he/she would have discovered the facts constituting the alleged fraud before June, 2012, two years prior to the filing of this case.  Defendants object to the R&R's conclusion, reiterating most of the arguments made in their motion to dismiss.

For substantially the same reasons advanced by the Magistrate Judge, this Court will accept and adopt her

recommendation and decline to dismiss plaintiffs' securities fraud claims on statute of limitations grounds.

### 3. Section 10(b) of the Exchange Act and SEC Rule 10b-5 (Count I)

The R&R recommends, on the other hand, that the Court dismiss Count I of the amended complaint because plaintiffs have failed to state a claim of securities fraud with particularity.

Plaintiffs object to the R&R's recommendation as to defendants Santhanam, Donnini and Satish Chandra.  Specifically, they disagree with the conclusion that they 1) failed to state facts giving rise to a strong inference of scienter, 2) presented evidence from a confidential source that must be disregarded and 3) failed to allege sufficiently scheme liability under Rule 10b-5(a) and (c).[1]

Defendants also filed an objection with respect to Count I. Although they agree with the recommended dismissal of the claim, they object to the Magistrate Judge's conclusion that plaintiffs satisfied the standard for pleading reliance and causation.

With respect to defendant Satish Chandra, the Court will overrule plaintiffs' objections because it agrees with the Magistrate Judge that the amended complaint lacks sufficient

---

[1] Plaintiffs' objection to the R&R's recommendation that the Court disregard factual allegations in the amended complaint based on the confidential source will be overruled as moot because that anonymous whistleblower is not explicitly relied upon as a source of such allegations.

detail of his alleged misrepresentations to the shareholders. Plaintiffs claim that Satish Chandra was a board member of HandsFree and was present during the January, 2012 conference call but fail to attribute any statements to him or allege that he had any knowledge contrary to the misrepresentations made by Santhanam and Donnini.  Plaintiffs suggest that the Court "assume" that, as a board member, Satish Chandra had knowledge of the falsity of the statements made by Santhanam and Donnini during the subject call but that is inadequate to meet the pleading requirements of Section 10(b) of the Exchange Act and SEC Rule 10b-5. See Lirette v. Shiva Corp., 27 F. Supp. 2d 268, 283 (D. Mass. 1998) (noting that "general inferences that the defendants, by virtue of their position within the company, must have known about the company's problems...[are] inadequate to withstand the special pleading requirements in securities fraud cases.").

The Court will also overrule plaintiff's objections to the R&R's conclusion that the amended complaint fails to state a claim of scheme liability under Rule 10b-5(a) and (c). Plaintiffs allege violations of Rule 10b-5(a), (b), and/or (c) and therefore must plead facts that defendants undertook a deceptive scheme or course of conduct that went beyond the misrepresentations that serve as a basis for their Rule 10b-5(b) claim. In re Alstom SA Sec. Litig., 406 F. Supp. 2d 433, 475

(S.D.N.Y. 2005).  As the Magistrate Judge has correctly noted, plaintiffs' claims are premised on defendants' alleged misrepresentations and they fail to allege a scheme to defraud that went beyond those misrepresentations.  The Court will therefore proceed to its analysis with respect to Section 10(b) of the Exchange Act and SEC Rule 10b-5(b).

As to defendants Santhanam and Donnini, the Court is persuaded by plaintiffs' objection and concludes that the amended complaint does plead sufficient facts to support a strong inference of scienter.  Plaintiffs have alleged that Santhanam and Donnini surreptitiously requested Dell not to pay its HandsFree invoices for the second half of 2011 and the first quarter of 2012 in order to disguise the company's net worth.  They offer one piece of email evidence consisting of a request to Dell for a 30-day delay in payment to support their allegation which is discounted in the R&R.  At this stage of the case, however, that is sufficient particularity to avoid dismissal and entitle plaintiffs to additional discovery on the subject.

Moreover, plaintiffs have alleged that Santhanam and Donnini conveyed to them misleading valuations of HandsFree, i.e. $243,973 at the end of 2011 and a projected $1.73 million by the end of 2012.  Those defendants also allegedly misrepresented the forecast of the company during the January,

2012 conference call by withholding the extent of the actual and projected revenue from Dell and failing to disclose the favorable HCL contract.  Prospective investors such as the NEA were, on the other hand, presented with the "true financial picture" of HandsFree.  NEA ultimately decided to invest $4 million in the company in return for 40% of the stock based on those representations, suggesting that it valued the company at $10 million.

Taking into account the complaint as a whole in a light most favorable to plaintiffs, the Court concludes, contrary to the Magistrate Judge's determination, that defendants' alleged efforts to conceal their successful negotiations constitute a sufficiently strong inference of scienter to defraud the minority shareholders out of the fair value of their stock.

With respect to reliance and causation, the Court agrees with the Magistrate Judge that plaintiffs have pled those elements sufficiently as to Santhanam and Donnini.  Plaintiffs have alleged that they relied on those defendants' misrepresentations in making their decisions to cash out.  They have also alleged that, by describing the company as practically insolvent, Santhanam and Donnini deprived plaintiffs of the opportunity to make a reasoned decision about accepting shares in HFN, an entity contemporaneously valued by NEC to be worth $10 million.  The Court therefore overrules defendants'

objections to the Magistrate Judge's conclusions with respect to reliance and causation.

Accordingly, the Court will reject the Magistrate Judge's recommendation to dismiss Count I as to defendants Santhanam and Donnini but will accept and adopt the recommendation to dismiss Count I against the remaining defendants.

### 4.    Section 20(a) of the Exchange Act (Count II)

Section 20(a) imposes derivative liability on control persons for violations of the Exchange Act committed by others. To establish such a claim, plaintiffs must plead 1) an underlying violation by a controlled person or entity and 2) that the defendant controlled the violator. In re A123 Sys., Inc. Sec. Litig., 930 F. Supp. 2d 278, 286 (D. Mass. 2013).

The Magistrate Judge recommends dismissal of Count II because she found that plaintiffs failed to plead sufficiently an underlying violation of Section 10(b).  Having determined that plaintiffs' securities fraud claim survives as to Santhanam and Donnini, the Court rejects the Magistrate Judge's recommendation that Count II should be dismissed as to those defendants because plaintiffs have alleged sufficient facts to indicate that those defendants were "actively participating in the decisionmaking processes of the corporation." In re Novell, Inc. S'holder Litig., 2012 WL 458500, at *5 (D. Mass. Feb. 10, 2012).

D.    **Breach of fiduciary duty (Counts III-V)**

Counts III through V of plaintiffs' amended complaint allege that Santhanam, Donnini and Satish Chandra breached their fiduciary duties to plaintiffs.  The Magistrate Judge recommends denying defendants' motion to dismiss with respect to Santhanam and Donnini but allowing the motion to dismiss the claim against Satish Chandra.  Defendants have filed objections to the Magistrate Judge's recommendation with respect to Santhanam and Donnini while plaintiffs have objected to her recommendation as to Satish Chandra.

It is well-established that the directors and officers of a Delaware corporation owe a fiduciary duty to the corporation and its shareholders. In re Fedders N. Am., Inc., 405 B.R. 527, 539 (Bankr. D. Del. 2009) (citing Guth v. Loth, 5 A.2d 503, 510 (Del. 1939)).  Santhanam, Donnini and Satish Chandra were all directors of HandsFree and therefore owed plaintiffs a duty of care, a duty of loyalty and a duty to act in good faith. Id. at 539.  Moreover, they had a duty of candor to disclose "fully and fairly all material information within the board's control when it seeks shareholder action." Stroud v. Grace, 606 A.2d 75, 84 (Del. 1992).

As to Santhanam and Donnini, the Magistrate Judge determined that Counts III and IV survive the motion to dismiss because plaintiffs establish that they owed plaintiffs a

fiduciary duty and that defendants did not contend that plaintiffs failed to allege a breach of such duty.  This Court will accept and adopt the recommendation for the additional reason that the amended complaint also states a breach of fiduciary duty because plaintiffs have alleged that Santhanam and Donnini materially misrepresented, <u>inter alia</u>, the revenue due from Dell and the valuation of HandsFree in order to induce plaintiffs to cash out prematurely.

The R&R concludes that plaintiffs have failed to plead sufficiently that Satish Chandra breached his fiduciary duty because they have not alleged facts in support of their claim that he was involved in the allegedly deceptive scheme or that he made or was aware of any misleading statements.  Plaintiffs contend in their objection that he breached his duty of loyalty to HandsFree shareholders by making a secret agreement to sell his stock in Acris for $2 million.  Under Delaware law, Satish Chandra was, however,

> free, as a general matter, to sell [his] majority
> [share in Acris] for a premium that was not shared
> with the other [] stockholders.

<u>Abraham</u> v. <u>Emerson Radio Corp.</u>, 901 A.2d 751, 758 (Del. Ch. 2006).

Accordingly, the Court will reject the objections by the plaintiffs and defendants and accept and adopt Magistrate Judge Boal's recommendation.

### E.   Common law fraud (Counts VIII-X)

The elements of a Section 10(b) claim are essentially the same as those for common law fraud. See Day v. Staples, Inc., 555 F.3d 42, 55-56 (1st Cir. 2009).

Magistrate Judge Boal recommends dismissal of plaintiffs' common law fraud claims against Santhanam, Donnini and Satish Chandra based on her recommendation that the federal securities fraud claims be dismissed.

As previously explained, the Court will accept the Magistrate Judge's recommendation as to Satish Chandra but reject the recommendation as to Santhanam and Donnini.  Because plaintiffs' Section 10(b) claims against Santhanam and Donnini survive the motion to dismiss, plaintiffs' common law claims against those defendants in Counts VIII and IX survive as well.

### F.   Civil conspiracy against defendants Santhanam, Donnini and Satish Chandra (Count XI)

To maintain a claim of civil conspiracy, plaintiffs must allege 1) two or more persons were involved, 2) in an object to be accomplished, 3) a meeting of the minds on the object or course of action, 4) one or more unlawful overt acts and 5) damages as the proximate result thereof. Tuckman v. Aerosonic Corp., 1981 WL 7622, at *2 (Del. Ch. June 29, 1981).  Moreover, under Delaware law

[t]here must be some underlying actionable tort by each individual defendant in order to obtain recovery on a civil conspiracy theory.

Smiley v. Chrysler, 538 F. Supp. 2d 711, 718 (D. Del. 2008).

Plaintiffs object to the Magistrate Judge's recommendation that the civil conspiracy claim against Santhanam, Donnini and Satish Chandra be dismissed.  The Court will overrule that objection.

As the Magistrate Judge correctly noted, plaintiffs have failed to allege sufficient facts to support the element of a conspiratorial agreement.  Accordingly, the Court will accept the recommendation to dismiss Count XI against all defendants.

## ORDER

In accordance with the foregoing,

1)      Plaintiffs' objections to Magistrate Judge Boal's R&R
        (Docket No. 55) are, with respect to Exhibits 8 and 9
        of the affidavit in opposition to defendants' motion
        to dismiss, Counts I and II as to Santhanam and
        Donnini and Counts VIII and IX of the amended
        complaint, **SUSTAINED**, but are otherwise **OVERRULED;**

2)      Defendants' objections to Magistrate Judge Boal's R&R
        (Docket No. 56) are **OVERRULED;**

3)      The Report and Recommendation of Magistrate Judge Boal
        (Docket No. 49) pertaining to defendants' motion to
        dismiss for failure to state a claim (Docket No. 19)
        is, with respect to Counts I and II against Santhanam
        and Donnini and Counts VIII and IX, **REJECTED**, but is
        otherwise **ACCEPTED and ADOPTED;** and

4)      Magistrate Judge Boal's recommendation pertaining to
        defendants' motion to strike (Docket No. 27) is, with
        respect to Exhibits 8 and 9 of the affidavit in
        opposition to defendants' motion to dismiss, **REJECTED,**
        but is otherwise **ACCEPTED and ADOPTED.**  The
        recommendation as to the other pending motions
        regarding the scope of the record (Docket Nos. 35, 36,
        40 and 46) is **ACCEPTED and ADOPTED.**

Counts I and II against Santhanam and Donnini and Counts
III, IV, VIII and IX of the amended complaint remain
pending in the case.


**So ordered.**

                                /s/ Nathaniel M. Gorton
                                Nathaniel M. Gorton
                                United States District Judge

Dated March 26, 2015